**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Alex ONE STAR, Sr., Defendant–
Appellee.**

**No. 93–1185.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 11, 1993.

Decided Nov. 15, 1993.

Mikal G. Hanson, Pierre, SD, argued, for plaintiff-appellant.

Brent A. Wilbur, Pierre, SD, argued, for defendant-appellee.

Before JOHN R. GIBSON, MAGILL, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

The government appeals the district court's [1] decision to depart downward in sentencing Alex One Star after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We affirm.

One Star is a fifty-two year old Native American and lifetime resident of the Rosebud Indian Reservation. He was convicted of assault with a dangerous weapon in 1975 and released from probation in 1979. He has been employed as a custodial and maintenance worker by the Rosebud Sioux Tribe since 1980. He is the sole means of support for nine members of his extended family. Other than two DWI convictions and several intoxication arrests, he was charged with no further criminal conduct until this offense.

In November 1991, after considerable drinking, One Star and his companion, Amy Lou Respects Nothing, confronted a youth they suspected of beating Respects Nothing's son. One Star picked up a revolver from the dash of his car and pointed it at the youth. Respects Nothing pushed the gun down, and they drove to her house to sleep off their intoxication. The youth's family called the police, who recovered a loaded revolver from One Star's car while he slept. He was charged with assault and two firearms violations and pleaded guilty to the felon-in-possession count.

One Star's presentence report recommended a base offense level of twenty and

---

1. The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota.

placed One Star in criminal history category I, producing a guidelines sentence range of 33–41 months imprisonment. One Star objected and requested a downward departure. In support, he submitted a resolution by the Rosebud Sioux Tribe and numerous letters from tribal officers and others praising his work record and contributions to the community and urging that he not be incarcerated. The government opposed a downward departure.

After a hearing at which One Star and the probation officer testified, the district court granted a downward departure and sentenced One Star to five years probation conditioned upon, among other things, participation in a substance abuse program and no consumption of alcoholic beverages. The district court explained that its decision to depart was based upon the combination of the following factors: (i) One Star does not appear to be dangerous. His only prior conviction was in 1975, and he has no history of injuring or threatening others. Any proclivity to violence, the court reasoned, is adequately addressed by the no-alcohol condition of probation. (ii) One Star possessed the revolver for self-defense rather than "to engage in assaultive conduct." Though the youth did not provoke their confrontation, One Star only used the firearm as a way of "putting some force . . . behind his admonition . . . to refrain from future assaults on Amy's son." (iii) One Star has strong family ties and responsibilities and a good employment record. The court found it appropriate to consider these factors in light of the unusual mitigating circumstances of life on an Indian reservation noted by this court in *United States v. Big Crow*, 898 F.2d 1326, 1331–32 (8th Cir.1990).

The government appeals, arguing that *Big Crow* conflicts with *United States v. Prestemon*, 929 F.2d 1275 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 220, 116 L.Ed.2d 178 (1991), and urging that *Big Crow* be overruled. The short answer is that one panel of this court may not overrule an earlier panel decision. In addition, we note that the court in *Prestemon* repeatedly cited *Big Crow* as an unusual case, not a wrongly decided one. *Prestemon* rejected a downward departure

granted on the basis of the defendant's race, a consideration explicitly prohibited by Guidelines § 5H1.10, p.s. *Big Crow* upheld a downward departure based on the district court's identification of mitigating circumstances—the defendant's excellent employment record and consistent efforts to overcome the difficult conditions of reservation life. In our view, the two decisions do not conflict.

In challenging the downward departure in this case, the government does not argue that the district court's findings of fact are clearly erroneous. Therefore, under our well-established standards for reviewing departures, our task is to determine "whether, as a question of law, the circumstances the district court relied on for departure are sufficiently unusual in kind or degree to warrant departure . . . [and] whether the sentence is reasonable." *United States v. Davila*, 964 F.2d 778, 784 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 438, 121 L.Ed.2d 358 (1992).

The district court's explanation of its departure decision confirms that the court well understood that many of the factors upon which it relied are "not ordinarily relevant" in determining whether to depart. *See* U.S.S.G. §§ 5H1.4, p.s. (physical condition); 5H1.5, p.s. (employment record); 5H1.6, p.s. (family ties and responsibilities and community ties); 5H1.11, p.s. (military, civic, charitable, or public service; employment-related contributions; record of prior good works). The court nonetheless concluded that in this case they are mitigating circumstances "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b), incorporated into U.S.S.G. § 5K2.0, p.s. We cannot conclude, as a matter of law, that the circumstances cited by the district court are insufficiently unusual in kind or degree to warrant a departure in this case.

That leaves the question whether the district court's departure was reasonable. The government argues that the degree of departure was unreasonable because it requires a reduction from offense level twenty to offense level eight to make One Star eligible

for a sentence of probation. One Star responds that the district court's sentence was reasonable under all the relevant circumstances.

The maximum prison term for a violation of § 922(g)(1) is ten years. *See* 18 U.S.C. § 924(a)(2). Therefore, the district court had statutory authority to sentence One Star to probation. *See* 18 U.S.C. §§ 3559(a), 3561(a). That being so, and its findings being legally sufficient to warrant a departure, the court's decision to impose probation "is quintessentially a judgment call." *United States v. Passmore*, 984 F.2d 933, 937 (8th Cir.1993) (citation omitted). Though the district court's decision to depart and the extent of its departure no doubt approach the outer limits of its sentencing discretion under the Guidelines, we conclude that One Star's sentence was a reasonable exercise of that discretion.

The judgment of the district court is affirmed. The government's request to allow its brief to stand as filed is granted.