UNITED STATES of America, Appellant,

v.

Michael WHITE BUFFALO, Appellee.

No. 93–2421SD.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1993.

Decided Dec. 1, 1993.

Mikal Hanson, Pierre, SD, argued (Ted L. McBride, Sioux Falls, SD, and Mikal Hanson, Pierre, SD, on the brief), for appellant.

Curtis D. Mortenson, Pierre, SD, for appellee.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

FAGG, Circuit Judge.

During Michael White Buffalo's arrest for driving while intoxicated, tribal police saw a gun on the floorboard of White Buffalo's van. The gun was an unloaded .22 single-shot bolt-action rifle with a shortened barrel. White Buffalo later pleaded guilty to unlawful possession of that unregistered firearm in violation of 26 U.S.C. § 5861(d). At White Buffalo's sentencing, the district court departed downward from the sentencing guidelines range of eighteen to twenty-four months, and sentenced White Buffalo to three years of probation with numerous conditions including alcohol treatment. The Government appeals White Buffalo's sentence, and we affirm.

White Buffalo is a thirty-one-year-old Native American who resides on the Rosebud Indian Reservation. At the time of his arrest, White Buffalo lived in a remote rural area of the reservation. White Buffalo had been steadily employed for a few years, and had no earlier arrests or convictions. At the sentencing hearing, White Buffalo testified he used the gun to shoot skunks, weasels, and raccoons that killed his chickens. Because the animals that preyed on his chickens often hid in crawl spaces underneath shacks next to his house, White Buffalo sawed off the barrel of his full length .22 rifle to make it easier to handle when hunting the animals in the crawl spaces under the shacks. White Buffalo stated he never used the gun for any other purpose.

At sentencing, the district court based its departure from the guidelines range on U.S.S.G. § 5K2.11, the guidelines' "lesser harms" policy statement. This section expressly authorizes a downward departure from the applicable guidelines range when the defendant's "conduct [does] not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue." The district court concluded a downward departure was justified under § 5K2.11, after finding that White Buffalo did not use the gun in a violent or offensive way and that White Buffalo's actions were not the kind of misconduct and danger sought to be prevented by the gun statute. The district court observed that although White Buffalo had the gun in his van, the gun was not loaded and there was no ammunition in the van or in White Buffalo's possession. The district court also noted that there was no evidence that White Buffalo ever brandished the gun or used it in a threatening way, White Buffalo had no criminal record, and White Buffalo's use of the weapon to shoot animals did not pose any quantifiable risk of accidental harm to others because he lived in a remote area of the reservation. The district court refused to infer a criminal motive from the nature of the single-shot bolt-action .22. As for the harm targeted by the gun statute, the district court decided the law is meant to protect people from crime and violence, and not to protect predatory animals or restrict the lawful use of weapons.

■ The Government asserts that because 26 U.S.C. § 5861 seeks to prevent possession of certain unregistered weapons for any purpose, lawful or unlawful, U.S.S.G. § 5K2.11 does not apply in this case. We disagree. The guideline itself authorizes departure for possession that is technically unlawful. As an example of a situation to which § 5K2.11 applies, the guideline points to "a war veteran['s] possess[ion of] a machine gun or grenade as a trophy." Given this example, the sentencing commission must have envisioned departures under § 5K2.11 when an illegal weapon is not possessed for an unlawful purpose. Indeed, the legislative history shows the "harm or evil"

the law seeks to prevent is violent crimes and loss of human life. H.R.Rep. No. 1577, 90th Cong., 2d Sess., *reprinted in* 1968 U.S.C.C.A.N. 4410, 4412–13. Further, the only circuit to consider the issue has held that § 5K2.11 gives a district court authority to depart downward when sentencing a defendant convicted of possessing an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d). *United States v. Hadaway*, 998 F.2d 917, 920 (11th Cir.1993). Because the district court's finding to the effect that White Buffalo did not use the gun for an unlawful purpose is not clearly erroneous, the district court could depart downward under § 5K2.11 based on the facts of this case. Before addressing the reasonableness of the departure's extent, we consider the legal sufficiency of the district court's alternative reason for departure.

■ After deciding a departure was justified under U.S.S.G. § 5K2.11, the district court added that departure was also justified under U.S.S.G. § 5K2.0 based on White Buffalo's employment record, high standing in the community, family ties and responsibility, and the sentencing commission's failure to understand the living conditions on South Dakota Indian reservations. The district court understood these factors are not ordinarily relevant in deciding whether to depart, but concluded that in White Buffalo's case, they are "mitigating circumstance[s] of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b); *see* U.S.S.G. § 5K2.0. In concluding the circumstances were sufficiently unusual, the district court relied on our decision in *United States v. Big Crow*, 898 F.2d 1326, 1331–32 (8th Cir.1990) (affirming downward departure based on defendant's high community standing, steady employment history for six years, and support of three dependents in the difficult environment of an Indian reservation). *See also United States v. One Star*, 9 F.3d 60 (8th Cir.1993) (affirming downward departure based on similar reasons). The Government initially asserts *Big Crow* conflicts with our later decision in *United States v. Prestemon*, 929 F.2d 1275 (8th Cir.), *cert. denied*, —— U.S.

——, 112 S.Ct. 220, 116 L.Ed.2d 178 (1991), and we must choose which case to follow. As we recently explained, however, the *Big Crow* and *Prestemon* decisions do not conflict. *One Star*, 9 F.3d at 61.

The Government asserts the district court's reasons for departing under U.S.S.G. § 5K2.0 are not sufficiently unusual in this case. We agree. Unlike the defendants in *Big Crow* and *One Star*, White Buffalo has no dependents to support. Further, White Buffalo presented no evidence of his standing in the community. Although White Buffalo has worked steadily for a few years, his work record is not as good as the record of the defendants in *Big Crow* and *One Star*. We do not believe White Buffalo's work record was unusual enough to warrant departure. Simply stated, this case is factually distinguishable from *Big Crow, see* 898 F.2d at 1131–32, and *One Star, see* 9 F.3d at 60–61. We thus conclude § 5K2.0 was not a legally sufficient basis for departure. *See Big Crow*, 898 F.2d at 1331 (explaining review of departures under § 5K2.0).

■ Having concluded U.S.S.G. § 5K2.11 provided a legally sufficient justification for departure in this case, the only remaining question is whether the extent of the departure is reasonable. *See United States v. Griess*, 971 F.2d 1368, 1371, 1374 (8th Cir. 1992) (when some of district court's reasons for departure are invalid, departure may still be reasonable if a valid reason justifies the departure's extent). The Government asserts the departure's extent was unreasonable since the district court effectively lowered White Buffalo's offense category from fifteen to eight to impose the sentence of probation outside the eighteen to twenty-four month guidelines range. We disagree.

Because the maximum prison term for a violation of 26 U.S.C. § 5861 is ten years, 26 U.S.C. § 5871, the district court had statutory authority to sentence White Buffalo to probation, *see* 18 U.S.C. §§ 3559(a), 3561(a). In addition, the district court's findings were legally sufficient to justify departure, and the findings are not clearly erroneous. We conclude the district court reasonably exercised its discretion in imposing probation. *See*

*One Star*, 9 F.3d at 61–62 (holding sentence of probation, which required a reduction in offense level from twenty to eight, is a reasonable departure from a guidelines range of thirty-three to forty-one months).

We affirm the district court.