53 F.3d 335
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Felix Charles RODRIGUEZ, Appellant.
 No. 94-3238
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 10, 1995
Filed: May 8, 1995
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Felix Rodriguez appeals his 12-month sentence imposed by the district court[1] after he pleaded guilty to sexual abuse of a minor. For reversal, Rodriguez argues only that his sentence was imposed as a result of an incorrect application of the Guidelines, which failed to take into consideration factors-namely, extraordinary family circumstances and employment-that should have resulted in a reduced sentencing range. The only judicial remedy for the Sentencing Commission's failure to adequately take a sentencing factor into consideration is the district court's authority to depart downward should it choose to do so. Although a downward departure may be permissible when the defendant's employment or family ties and responsibilities are extraordinary, see United States v. One Star, 9 F.3d 60, 61-62 (8th Cir. 1993); United States v. Big Crow, 898 F.2d 1326, 1331-32 (8th Cir. 1990), we may not review a district court's refusal to depart if we conclude the court's refusal was an exercise of its discretion. United States v. Bieri, 21 F.3d 811, 817 (8th Cir.), cert. denied, 115 S. Ct. 208 (1994). Here, the district court made it very clear that it knew it had authority to depart, but was exercising its discretion not to do so.
 
 
 2
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota