### UNITED STATES of America

v.

### Abdul Salau OGEMBE, Defendant.

### No. Crim.A. 98–297–1.

United States District Court,
E.D. Pennsylvania.

March 3, 1999.

Christopher R. Hall, United States Attorneys Office, Philadelphia, PA, for plaintiff.

Hope C. Lefeber, Philadelphia, PA, for defendant.

## MEMORANDUM & ORDER

KATZ, Senior District Judge.

Abdul Salau Ogembe pled guilty before this court to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371 and is now before the court to be sentenced. Mr. Ogembe now requests a downward departure pursuant to U.S.S.G. § 5K2.0 for several factors that he argues were inadequately considered by the Sentencing Commission in formulating the Sentencing Guidelines.

### Standards

Ordinarily, a defendant must be sentenced within the ranges established in the Sentencing Guidelines unless the court finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). As the Supreme Court explained in *Koon v. United States*, 518 U.S. 81, 94, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), the Sentencing Commission established guidelines to apply only to a "heartland" of typical cases: "Atypical cases were not 'adequately taken into consideration,' and factors that may make a case atypical provide potential bases for departure." *Id.* (citations omitted). Certain factors, such as the race or sex of the defendant, may never be considered as a potential basis for departure. *See* U.S.S.G. § 5H1.10. Other factors, however, while "discouraged" as "not ordinarily relevant to the determination of whether a sentence should be outside of the applicable guideline range," U.S.S.G. ch. 5, pt. H, intro. comment., may be considered in exceptional cases. *See id.; see also Koon,* 518 U.S. at 96, 116 S.Ct. 2035.

▆ The assessment of whether a case is exceptional and thus falls outside of the heartland is a factual determination placed within the sound discretion of the sentencing court: "Whether a given factor is present to a degree not adequately considered by the Commission, or whether a discouraged factor nonetheless justifies departure because it is present in some unusual or exceptional way, are matters determined in large part by comparison with the facts of other Guidelines cases." *Koon,* 518 U.S. at 98, 116 S.Ct. 2035. In this case, the court finds that none of the factors raised by Mr. Ogembe make his case sufficiently unusual as to warrant a downward departure.

### Grounds for Departure

Mr. Ogembe raises five separate grounds for departure. He also argues in the alternative that the combination of these factors warrants a departure. The court will address each argument in turn.

Mr. Ogembe suggests that he has displayed an extraordinary acceptance of responsibility because "from the outset, [he] made known his desire to plead guilty, he pled guilty to his state charges, and voluntarily surrendered prior to his sentencing date, all in an effort to put his wrongdoing behind him and begin his new life. In addition, he voluntarily disclosed to the prosecution additional deposits and withdrawals for which he was responsible which the government was not aware of." Def.'s Sentencing Mem. at 3–4. He also suggests that the extra restitution that he has agreed to pay constitutes extraordinary acceptance of responsibility.

▆ Third Circuit law permits a downward departure for extraordinary acceptance of responsibility beyond that already allowed by the downward adjustment of U.S.S.G. § 3E1.1 for "ordinary" acceptance of responsibility. *See United States v. Lieberman,* 971 F.2d 989, 995 (3d Cir. 1992). Such a departure is appropriate, however, only "when the circumstances of a case demonstrate a degree of acceptance of responsibility that is substantially in excess of that ordinarily present." *Id.* at 996. In *Lieberman,* the Third Circuit upheld a departure on this basis as the defendant had immediately agreed to pay

restitution far beyond that which he believed he owed and met with bank officials to explain how they could detect other improper transactions in the future. *See id.* Similarly, in *United States v. Evans,* 49 F.3d 109 (3d Cir.1995), the Third Circuit held that a district court could consider a defendant's admission of his true identity to a probation officer that would not otherwise have been discovered; it was only through this disclosure that the authorities discovered that the defendant had a prior criminal record and was wanted as fugitive in another state. *See id.* at 114; *see also United States v. Faulks,* 143 F.3d 133, 137–38 (3d Cir.1998) (holding that defendant's agreement not to contest administrative forfeiture could be basis for downward departure when meritorious defenses were abandoned).

■ Mr. Ogembe's actions in the present case do not rise to the level required for a departure on this basis. The defendant has already received a three-level downward adjustment pursuant to U.S.S.G. § 3E1.1 for his acceptance of responsibility, and this adequately rewards the defendant for his early surrender and his guilty plea. The disclosure of the additional accounts to the government is a closer call, but the court cannot say on the record before it that the disclosure permitted the government to find accounts that it otherwise would not, nor can the court evaluate the significance of the accounts to which the defendant refers. There is also no basis to believe that the defendant agreed to the high amount of restitution in an effort to come to terms with the crime he committed rather than as the result of hard bargaining by the government. *See, e.g., United States v. Leon,* 2 F.Supp.2d 592, 594–95 (D.N.J.1998) (rejecting downward departure on extraordinary acceptance of rehabilitation because evidence did not show that defendant's actions were voluntary). In short, the defendant's conduct falls in the heartland of cases contemplated by the adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

The defendant next requests a downward departure based on his employment history. Specifically, the defendant discusses his experience at hard labor in Nigeria and the Netherlands and his steady employment history in the United States.

■ In general, employment history is a discouraged ground for departure. *See* U.S.S.G. § 5H1.5. Of course, in an unusual situation, a defendant's employment background might provide a basis for a downward departure, but such circumstances are extremely infrequent. *See United States v. Higgins,* 967 F.2d 841, 845–46 (3d Cir.1992) (remanding for consideration of whether employment history and other factors qualified as extraordinary; emphasizing that such occasions will be rare); *United States v. Bennett,* 9 F.Supp.2d 513, 525 (E.D.Pa.1998) (rejecting departure based on employment because defendant's history was not extraordinary).[1]

■ It is not clear whether Mr. Ogembe is requesting a departure based upon his hard circumstances in Nigeria and the Netherlands or his steady employment in the United States. It is not necessary for

---

1. The cases cited by the defendant in support of his claim that employment history may sometimes be considered each had some additional factor in support of departure. For example, the district court in *United States v. Tsosie,* 14 F.3d 1438, 1441 (10th Cir.1994), stated that it was departing because of the defendant's "record of long term employment with the Navajo tribe," *id.,* but the Tenth Circuit analyzed the departure on appeal under its standards for aberrant behavior because this more appropriately captured the district court's basis for decision. *See id.* at 1441–42; *see also United States v. One Star,* 9 F.3d 60, 61 (8th Cir.1993) (finding that employment history, in conjunction with family ties and responsibilities and other factors properly led to a downward departure); *United States v. Jagmohan,* 909 F.2d 61, 65 (2d Cir.1990) (upholding departure based in part on stellar employment history because of unusual nature of bribery that revealed defendant's naivete and extreme lack of culpability).

the court to resolve this question, as neither ground would be sufficient to grant a downward departure. The work in Nigeria and the Netherlands has no relevance to the defendant's present culpability for conspiracy to commit bank fraud; neither does it constitute a mitigating factor for his behavior. Moreover, his steady employment in the United States is not atypical or extraordinary in any way. Rather, it squarely implicates the Sentencing Commission's directive that employment history is not ordinarily relevant in determining a sentence. *See* U.S.S.G. § 5H1.5.

■ The third basis for a departure is defendant's claim that "if [he] is sentenced to a term of imprisonment of one year or more, as a result of the instant case, he will be deported back to Nigeria" and be separated from his American wife to whom he has been married since 1997. *See* Def.'s Sentencing Mem. at 6. He requests a departure and a sentence of under one year to avoid this result. The court would seriously consider this basis for a departure except for its inability to discern the basis for defendant's claim that a sentence of under a year would prevent deportation. While deportation and separation from a spouse may, under the circumstances, be an excessive penalty for bank fraud with a total offense level of thirteen, the relevant immigration statute does not allow court to affect deportation through its sentencing discretion. Under the 1996 revisions to the Immigration and Nationality Act, the definition of "aggravated felony" includes any offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000[.]" 8 U.S.C. § 1101(a)(43)(M)(i). Any alien who is "convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Consequently, a departure on this basis would be futile and thus inappropriate.

The defendant's fourth argument for a downward departure pertains to an earlier case. Mr. Ogembe was arrested on April 13, 1998 on charges of misuse of a passport. According to the defendant, he was detained for three months in that case based solely on the government's representation to the judge that it was investigating him for the bank fraud that ultimately led to the present case. Mr. Ogembe now suggests that he should be given a departure as a way of receiving credit for the time he was detained on the other case because it was essentially a form of punishment attributable to the current case.

The court rejects this basis for departure in the present circumstances. Even assuming that such a departure would be proper in some situations, the fact remains that the defendant was charged in two separate cases, thus permitting separate evaluations of the necessity of detention. Moreover, the defendant admits that he was sentenced to time served in that case even though the guideline range would have permitted imprisonment of up to six months. He consequently cannot claim that he was excessively punished in the previous case or that it was really "punishment" for this case.

■ The defendant next argues that his three month incarceration in local custody where there was "no running water, infestation of rodents, [and] overcrowding" warrants a departure. *See* Def.'s Sentencing Mem. at 8. The court agrees that a departure on this basis is not categorically foreclosed. *See United States v. Sutton*, 973 F.Supp. 488, 493–94 (D.N.J.1997). However, there is no record by which the court can find that the conditions of the defendant's incarceration in this case were so extraordinarily bad that they warrant a departure, particularly as compared to the conditions in which other inmates are serving their time or awaiting sentencing or trial. *See id.* at 494–95 (rejecting basis for departure because record did not support extraordinariness of defendant's situation). As the court does not have any basis by which to conclude that the present case falls outside of the heartland, a departure on this ground would be inappropriate.

■ Finally, the defendant argues that even if the previously discussed factors do not warrant a departure alone, some or all of them in combination do rise to the level of extraordinary circumstances. Both the Sentencing Guidelines and the law of the Third Circuit permit a downward departure in such cases. *See* U.S.S.G. § 5K2.0 comment.; *Evans,* 49 F.3d at 114. However, even a combination of typical factors does not necessarily constitute an extraordinary circumstance, and the court finds that that is the case here. While the defendant has raised many grounds for departure, all of them are either adequately accounted for by the acceptance of responsibility adjustment or are simply not unusual enough to take the case out of the heartland. Consequently, the court will deny the departure on this ground as well.

*Conclusion*

Although the defendant raises a number of factors that may warrant sentencing him at the lower end of the guideline range, none of the arguments he raises are sufficiently extraordinary to justify a departure below that range.