UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellant,*

v.

JOHNNIE D. CUTRIGHT,
  *Defendant-Appellee.*

No. 00-4508

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-99-9)

Submitted: October 20, 2000

Decided: November 6, 2000

Before WIDENER and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

## COUNSEL

Melvin W. Kahle, Jr., United States Attorney, Sherry L. Muncy, Assistant United States Attorney, Elkins, West Virginia, for Appellant. Timothy M. Sirk, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Johnnie Dale Cutright pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1994). The United States appeals the district court's decision to depart below the Sentencing Guidelines range. We affirm the conviction, but vacate the sentence and remand for further proceedings consistent with this opinion.

In November 1998, Cutright, who was twenty-five years old, was stopped for speeding. The police officer observed that Cutright was transporting a pistol and two long guns, all of which were unloaded, and several rounds of ammunition. Cutright was also found to be in possession of less than fifteen grams of marijuana. According to Cutright, he was returning from a firing range. In 1993, when Cutright was nineteen years old, he was convicted for breaking and entering a dwelling, grand larceny, and breaking and entering a concession stand.

At sentencing, because Cutright's conviction for burglary was for breaking and entering a dwelling, it was categorized as a crime of violence and he was assigned a base offense level of 20. *See U.S. Sentencing Guidelines Manual* §§ 2K2.1(a)(4)(A), 4B1.2(a)(2) (1998). The presentence investigation report ("PSR") recommended a one-level increase to the base offense level because three firearms were involved in the offense. *See* USSG § 2K2.1(b)(1)(A). The PSR did not recommend a reduction in the base offense level for acceptance of responsibility and noted that while on bond, Cutright used marijuana. In addition to the convictions listed above, the PSR noted that Cutright had prior convictions for speeding, driving without proof of insurance, failing to yield, driving on a suspended license, misdemeanor possession of marijuana, and misdemeanor shoplifting. Cutright was placed in criminal history category II. The PSR further noted that

an upward departure may be warranted due to Cutright's criminal history category not adequately reflecting the seriousness of Cutright's past criminal conduct.

At sentencing, the district court, without objection, reduced Cutright's base offense level three levels for acceptance of responsibility. Accordingly, Cutright's sentencing guideline range was thirty to thirty-seven months' imprisonment. The court stated that it intended to depart downward under USSG § 5K2.0. The court further stated that departure was warranted under USSG § 5K2.11 because Cutright's conduct did not cause or threaten the harm sought to be prevented by the statute. Over the United States' objection and pursuant to USSG §§ 5K2.0, 5K2.11, the district court departed from the Sentencing Guidelines and further reduced Cutright's base offense level six levels based on the following findings: (1) there was no evidence that Cutright was dangerous, and there was no violence involved in the burglary incident; (2) Cutright was only nineteen years old when he committed the burglary and served only one month incarceration in a center for youthful offenders; (3) there was no evidence that Cutright possessed the firearms with any intent to engage in dangerous or unlawful activity because the firearms were found unloaded and in plain view; (4) the firearms were of a type used for hunting and other sporting purposes and were not stolen; (5) Cutright assisted police in determining that the firearms were unloaded; (6) Cutright had strong family ties and responsibilities to his long-time girlfriend and the couple's six-year-old daughter; and (7) Cutright was employed and his income provided for the family. The court stated that these factors were not adequately considered in the Sentencing Guidelines. With a six-level reduction to the base offense level, Cutright's sentencing guideline range was twelve to eighteen months' imprisonment. Cutright was sentenced to twelve months and one day to be served at a halfway house and three years' supervised release. The United States filed a timely notice of appeal.

A district court's decision to depart downward is reviewed for abuse of discretion. *See United States v. Pearce*, 191 F.3d 488, 492 (4th Cir. 1999). "[W]hether a factor is a permissible basis for departure under any circumstances is a question of law." *Koon v. United States*, 518 U.S. 81, 100 (1996). A district court "abuses its discretion when it makes an error of law." *Id.* Under USSG § 5K2.0, a departure

outside the Sentencing Guidelines range may be warranted if "the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" (quoting 18 U.S.C. § 3553(b) (1994)).

In order for a district court to depart, it must first consider whether the factor it believes warrants a departure is not to be used for such a purpose. *See* USSG §§ 5H1.1 to 5H1.12. If the Commission has provided that a given factor is encouraged as a basis for departure, the court may depart if the factor is not already considered in the applicable guideline. *See Koon*, 518 U.S. at 916; *United States v. Hairston*, 96 F.3d 102, 105 (4th Cir. 1996). If it is discouraged that the factor be used to depart or if the factor is encouraged as a basis for departure and taken into account by the Sentencing Guidelines, then the court may depart "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Koon*, 518 U.S. at 96. If the factor is not mentioned at all in the Sentencing Guidelines, a departure may be warranted after the court considers the "'structure and theory' of the relevant individual guideline and the Guidelines as a whole, bearing in mind that departures on the basis of factors not mentioned in the Guidelines will be 'highly infrequent.'" *Hairston*, 96 F.3d at 106 (quoting *Koon*, 518 U.S. at 96).

Considering the structure of the Sentencing Guidelines, we find that the district court improperly considered Cutright's purported innocent purpose for possessing the firearms. The Sentencing Guidelines permit a reduction to the base offense level if the firearms are possessed "for lawful sporting purposes or collection." USSG § 2K2.1(b)(2). However, the Sentencing Guidelines specifically prohibit the district court from reducing a base offense pursuant to this subsection if the defendant's base offense level was predicated on a crime of violence as set forth in USSG § 2K2.1(a)(4)(A). *See* USSG § 2K2.1(b)(2). To consider this factor as a reason for a downward departure eviscerates the language "other than a defendant subject to [USSG § 2K2.1(a)(4)]." *See* USSG § 2K2.1(b)(2).

In addition, we find that the district court improperly considered the underlying facts of Cutright's predicate felony for burglary. Gen-

erally, courts are instructed not to review the conduct underlying the predicate offense in determining whether the defendant's conduct was violent. *See, e.g.*, *United States v. Kirksey*, 138 F.3d 120, 124 (4th Cir. 1998) (to determine whether a prior felony is a crime of violence, courts must use a categorical approach). Cutright's predicate felony offense was defined by the Sentencing Guidelines as a crime of violence. Burglary of a dwelling is a crime of violence because of the potential for violence. *See* USSG § 4B1.2(a)(2) (burglary of a dwelling is grouped with other offenses that present "a serious potential risk of physical injury to another."). Furthermore, had Cutright's predicate felony not been defined as a crime of violence, he would have received a lower base offense level. *See* USSG § 2K2.1(a).

Insofar as the district court relied on Cutright's age, family ties, and employment history, all discouraged factors for departing, we find nothing present to an exceptional degree or anything different from the ordinary case.* *See* USSG §§ 5H1.1, 5H1.5, 5H1.6; *Koon*, 518 U.S. at 96. Here, Cutright was an adult at nineteen years of age and a high school graduate when he committed the predicate felony. In addition, he was twenty-five years old when he committed the instant offense and only two years and eight months removed from probation for the predicate felony. He lived with his girlfriend and six-year-old daughter for five years. There is no evidence that he was the sole provider for the household.

This case is readily distinguishable from *United States v. One Star*, 9 F.3d 60 (8th Cir. 1993), a case used by the district court as guidance for departing. Although the defendant was convicted for the same offense as Cutright, the predicate felony in *One Star* occurred more than fifteen years before the defendant was found to possess a firearm. The defendant was employed with the same employer for over eleven years. In addition, he was the sole financial supporter for the nine members of his extended family.

---

*At sentencing, the district court observed that Cutright had "a good employment history with his current employer and his income is essential to the well being of his family." (J.A. at 62). The PSR noted that Cutright was unemployed after quitting his job after only about four months' employment. The PSR further noted that Cutright's girlfriend, with whom he resided along with their six-year-old daughter, was employed and paid for the monthly expenses.

The district court departed on the basis of One Star's employment record, family and community ties and responsibilities, and commitment to public service. The Court of Appeals upheld the departure and did not disturb the district court's findings that some of the factors, although not generally relevant when considering a departure, were sufficiently unusual in kind or degree to warrant departure. *See id.* at 61. Cutright's employment record, family and community ties and responsibilities pale in comparison.

In addition, we find that the district court erred by finding that a departure was warranted under USSG § 5K2.11. Section 5K2.11 authorizes a court to depart if the defendant's unlawful conduct "may not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue." This provision should be interpreted "narrowly." *United States v. Warner*, 43 F.3d 1335, 1338 (10th Cir. 1994). The Sentencing Guidelines give the following two examples warranting a departure: (1) a war veteran possessing a machine gun or grenade as a trophy; (2) a school teacher possessing controlled substances for a drug education program. *See* USSG § 5K2.11. In *Warner*, the court distinguished the defendant's situation from the above examples by stating that "[a]lthough the Sentencing Commission suggests a military veteran's innocent possession of a trophy machine gun at home may warrant special dispensation in sentencing, that suggestion cannot be extended to someone who was in possession of a machine gun and ammunition in his car on an interstate highway." *Warner*, 43 F.3d at 1338.

In *United States v. Murray*, 89 F.3d 459 (7th Cir. 1996), the defendant was convicted of being a felon in possession of a firearm. The firearm, a loaded handgun, was found after police stopped the defendant for a traffic violation. The police also seized a small amount of crack cocaine. The court stated that the defendant was not entitled to a downward departure under USSG § 5K2.11 because the defendant's "possession of a firearm in an automobile around midnight, with crack cocaine in his car, doesn't come close to the sort of mitigating situation reviewed by the Eighth Circuit in *One Star*." *Murray*, 89 F.3d at 463.

On the other hand, in *United States v. White Buffalo*, 10 F.3d 575 (8th Cir. 1993), the court upheld a departure under USSG § 5K2.11.

The defendant was convicted of possessing an unregistered firearm, an unloaded single-shot bolt action rifle seized when the defendant was stopped for a traffic violation. The court found that departure was warranted because the defendant did not use the firearm in a violent, threatening or offensive manner, the firearm was not loaded, the defendant did not have a criminal record, and he lived in a remote area of the reservation where his use of the firearm to hunt did not pose a threat to anyone else. *See id.* at 576. Cutright's circumstances are much different. Unlike the defendant in *White Buffalo*, Cutright was convicted of being a felon in possession of firearms based upon a prior felony conviction for a crime of violence. In addition, when he was stopped for speeding and found to possess the firearms, he was also in possession of a controlled substance.

The Sentencing Guidelines state that the Cutright's stated reason for possessing the firearms should not be considered if the defendant's predicate felony was a crime of violence. *See* USSG § 2K2.1(b)(2), comment. (n.10). Additionally, a conviction under § 922(g) focuses on the defendant's status as convicted felon, not on the reason for possessing the firearm. *See United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000) (per curiam). The statute's purpose is to prevent persons, who have demonstrated their inability to conform their conduct to the law, having control over dangerous weapons. *See Barrett v. United States*, 423 U.S. 212, 218, 220-21 (1976) (interpreting a prior version of this section). Cutright demonstrated his inability to conform himself to the law because of his prior convictions and because he was in possession of marijuana when he was arrested and found to have used marijuana when he was released on bond. Thus, Cutright's possession of three firearms was precisely the harm sought to be prevented by § 922(g).

Accordingly, we find that the court erred by departing below the Sentencing Guidelines range. Although we affirm the conviction, we vacate the sentence and remand for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*