UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellant,*

v.                                              No. 03-4784

JOHN BAYNE, JR.,
          *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-03-197)

Argued: May 7, 2004

Decided: July 6, 2004

Before WIDENER and GREGORY, Circuit Judges,
and C. Arlen BEAM, Senior Circuit Judge of the United States
Court of Appeals for the Eighth Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Elizabeth Olivia Tucci, Special Assistant United States Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Patrick Friel Stokes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellant. Allen Howard Orenberg, North Bethesda, Maryland, for Appellee. **ON BRIEF:** Paul J. McNulty, United States

Attorney, Alexandria, Virginia, for Appellant. Joseph R. Conte, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

The defendant, John Bayne, pleaded guilty to the possession of a sawed-off shotgun in violation of 26 U.S.C. § 5861 and was sentenced to eight months' incarceration, with credit for time served, to be followed by three years of supervised release including a special condition of four months of community confinement.

There was no agreement with reference to the guilty plea, and with the criminal history category of II, the pre-sentence report, accepted by all, calculated an offense level of 15 in Zone D. The district court granted a 4-level downward departure based on the second prong of what is known as the lesser harms departure of U.S.S.G. § 5K2.11 and denied the defendant's other motions for downward departure. Had there been no departure, Bayne would have received a minimum sentence of 21 months' incarceration, none of which could have been satisfied by community confinement. See U.S.S.G. § 5C1.1(f). The government appeals the 4-level downward departure.

Initially, here, and in the district court, the government took the position that a departure under § 5K2.11 was not warranted, in any event, for possession of a sawed-off shotgun. It argued that Congress intended to punish "the mere possession of a sawed-off shotgun." Br. p.10. In the reply brief, however, the government has stated it does not challenge the district court's authority to make a lesser harms departure,* "rather, the government challenges the merits of the

---

*United States v. White Buffalo*, 10 F.3d 575 (8th Cir. 1993) and *United States v. Hadaway*, 998 F.2d 917 (11th Cir. 1993) have held that district courts have the authority to depart downward and apply U.S.S.G. § 5K2.11, *Lesser Harms* (Policy Statement).

departure itself." Reply Br. p.5-6. See 18 U.S.C. § 3742(e)(3)(B) and (C).

We review the district court's decision *de novo*, assuming for argument that the legal standards were not changed by the 2003 amendment to 18 U.S.C. § 3742. See *United States v. Stockton*, 349 F.3d 755, 764, n.4 (4th Cir. 2003).

The defendant acknowledged possession of a sawed-off shotgun under the following circumstances. He owned the shotgun involved, with a barrel of ordinary length, and loaned it to a friend. Some time later the friend, having had the barrel sawed off, returned the gun to the defendant. The facts found by the district court are:

> . . . it seems clear to me that what happened is that this friend returned to him a firearm that was sawed off. So far as the record reflects, he played no role in sawing it off, accepted it back, was unsure about what to do with it and was concerned about it, told no one he was concerned about it, but certainly put it away not having a clear idea about what to do with it.

(J.A. 91).

Following the return of the gun to the defendant, the defendant's mother noticed the gun in the house and turned it over to the authorities. This prosecution followed.

U.S.S.G. § 5K2.11, which is styled "*Lesser Harms* (Policy Statement)," provides in the second part thereof as follows:

> In other instances, conduct may not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue. For example, where a war veteran possessed a machine gun or grenade as a trophy, or a school teacher possessed controlled substances for display in a drug education program, a reduced sentence might be warranted.

U.S.S.G. § 5K2.11 (2003).

The record in this case does not show any other unlawful use of the shotgun by the defendant, nor does it show that the possession of the shotgun by the defendant was for any unlawful purpose or in connection with any unlawful activity other than the mere possession of the gun. The conduct of the defendant in merely possessing the gun has not shown that it would "cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue." In such a case we are unable to say that the district court erred in granting the 4-level departure, and we are of opinion the district court did not err in deciding that the departure was justified by the facts of the case.

The judgment of the district court is accordingly

*AFFIRMED*.