# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4268

_____

United States of America,       *

                                  *

        Plaintiff - Appellant,     *

                                  *   Appeal from the United States

     v.                        *   District Court for the

                                  *   District of South Dakota.

Kendall Myron Robinson,    *

                                  *

        Defendant - Appellee.    *

_____

Submitted: May 15, 2006
Filed: July 20, 2006

_____

Before, LOKEN, Chief Judge, MELLOY and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Kendall Robinson pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The district court calculated the advisory sentencing Guidelines range to be 63 to 78 months.  After considering the factors enumerated in 18 U.S.C. § 3553(a), the district court sentenced Robinson to 5 years probation, a $7,500 fine, and a $100 special assessment.  The government timely appealed the sentence as unreasonable under United States v. Booker, 543 U.S. 220 (2005).  We reverse.

I.

Robinson conceded that he was a convicted felon in possession of a shotgun while hunting in October 2004. He was hunting on his own property with a valid hunting license. Robinson pled guilty and was sentenced by the district court. Following our instructions on how to engage in sentencing post-Booker, the district court first correctly calculated Robinson's advisory Guidelines sentence range and then considered the other 18 U.S.C. § 3553(a) factors.

Under the United States Sentencing Guidelines, Robinson's base offense level was 24. U.S.S.G. § 2K2.1(a)(4). Robinson maintained his plea of not guilty until the day of trial. As a result, he received a two-level reduction for acceptance of responsibility, rather than a three-level reduction. U.S.S.G. § 3E1.1. His resulting adjusted offense level was 22. Robinson had seven criminal history points. This placed him in criminal history category IV. The resulting advisory Guidelines range of 63 to 78 months imprisonment was not contested.

At sentencing, the district court emphasized the context of the conduct that gave rise to the possession charge. After contrasting Robinson's conduct with that of other defendants charged with being felons in possession of firearms, the court said, "the conduct in this case by Mr. Robinson did not cause or threaten the harm or evil sought to be prevented by this federal statute, 18 United States Code, Section 922(g)(1). He did not use a firearm in an unsafe manner or any illegal fashion."

The court also noted the current state of Robinson's life, including the facts that he was engaged and gainfully employed. The court recounted Robinson's lengthy criminal history, but explained that his felony convictions occurred when he was a young man and that Robinson had avoided recent criminal activity other than the charge at issue. The court said, "I think there's no doubt that during the last couple of years [Robinson] has turned his life around."

The crimes for which Robinson had been convicted included multiple minor offenses as well as third-degree burglary at age nineteen, burglary and escape from custody at age twenty, third-degree burglary, escape, aggravated assault and possession of a firearm by a felon at age twenty-four, and third-degree burglary at age twenty-nine. His only convictions in his thirties were reckless driving at age thirty-two and reckless driving and attempt to elude law enforcement at thirty-three. His only conviction in the past decade was for possession of marijuana in 2002 at age forty-one.

After describing the nature of the crime and Robinson's characteristics, the court read through the list of § 3553(a) factors. It then discussed how each applied to Robinson. It believed that the "seriousness of the offense" weighed in favor of Robinson. It explained that no further deterrent was required for him, that a sentence was not necessary to protect the public from him, that incarceration was not needed to provide him with further educational or vocational training, and that restitution was not at issue. It further believed that the "just punishment" factor greatly weighed in Robinson's favor. On the other hand, the court felt that the factor of promoting respect for the law weighed in favor of a sentence within the Guidelines range. The court said the matter of disparate sentences for similarly situated defendants was a "concern" for the court. On this issue, the court balanced Robinson's criminal history with the fact that he had committed a "technical offense."

The district court ultimately chose to sentence Robinson to five years probation, rather than any incarceration. The court also imposed a mandatory $100 assessment and the minimum $7,500 fine.

## II.

"When the district court has correctly determined the Guidelines sentencing range, as in this case, we review the resulting sentence for reasonableness, a standard

akin to our traditional review for abuse of discretion." United States v. Claiborne, 439 F.3d 479, 481 (8th Cir. 2006). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005) (citing United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005)).

Although the sentencing Guidelines are no longer mandatory, the advisory sentencing range produced by a correct application of the Guidelines is presumptively reasonable. Claiborne, 439 F.3d at 481. "[T]he farther the district court varies from the presumptively reasonable guidelines range, the more compelling the justification based on the § 3553(a) factors must be." United States v. McMannus, 436 F.3d 871, 874 (8th Cir. 2006) (citing United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005) ("An extraordinary [sentencing] reduction must be supported by extraordinary circumstances.")).

There is no question that the reduction in this case was substantial. The lower end of the advisory sentencing range was 63 months, but the sentence imposed required no incarceration. Robinson urges us to consider cases involving felons in possession of firearms where we affirmed sentences significantly less than the advisory sentencing ranges. In United States v. White Buffalo, 10 F.3d 575, 577 (8th Cir. 1993), we affirmed a downward departure to probation where the low end of the Guidelines range was 18 months. In United States v. One Star, 9 F.3d 60 (8th Cir. 1993), we affirmed a downward departure to probation where the low end of the Guidelines range was 33 months. Id. at 61-62. However, in One Star, we stated that "the district court's decision to depart and the extent of its departure no doubt approach the outer limits of its sentencing discretion under the Guidelines . . . ." Id. at 62.

We recognize that pre-<u>Booker</u> departures and post-<u>Booker</u> variances are not the same. As <u>Booker</u> made clear, the Guidelines are just one of the § 3553(a) factors to be considered in determining a reasonable sentence. There may well be cases that would not justify a departure under the Guidelines but which are appropriate for a variance. Likewise, there may be cases in which a combination of a Guidelines departure and other § 3553(a) factors may produce a lower reasonable sentence than a departure alone.

Under the district court's analysis, this case falls in the latter category. That is, under the <u>One Star</u> and <u>White Buffalo</u> precedent, a departure would be justified. However, the extent of the variance in this case is much greater than the degree of departure in <u>One Star</u> which we said was approaching the outer limit. In <u>One Star</u>, the court departed downward twelve levels. <u>Id.</u> at 61. Here, the difference between the sentence and the advisory range is akin to a minimum departure of nineteen levels. In this case, we cannot identify other § 3553(a) factors that would justify such an extraordinary variance beyond the departures approved in <u>White Buffalo</u> and <u>One Star</u>. The factors identified by the district court are essentially the same as those factors used to justify the departures in those cases.

The district court stated that Robinson had a "terrible" criminal history and that "it could be argued that his criminal history category is actually higher than a IV." However, the court did not give sufficient weight to this criminal history in imposing the sentence. The court instead focused primarily on Robinson's conduct in the past few years. Even in cases where a rehabilitation is "dramatic and hopefully permanent" a district court cannot place too much emphasis on that fact. <u>United States v. Gall</u>, 446 F.3d 884, 890 (8th Cir. 2006) (citing <u>United States v. Lazenby</u>, 439 F.3d 928, 933 (8th Cir. 2006) (quoting <u>Haack</u>, 403 F.3d at 1004)).

The district court also failed to give sufficient weight to the issue of disparate sentences for the same criminal conduct. While a sentence below the range of 63 to

78 months for Robinson may be warranted, as in <u>White Buffalo</u> and <u>One Star</u>, imposing only probation in this case creates a sentencing disparity even when compared to those prior cases where leniency was granted.

The variance in this case is greater than the variance in <u>United States v. Medearis</u>, — F.3d —, 2006 WL 1736387 (8th Cir. June 27, 2006), of which we disapproved. As in this case, the defendant in <u>Medearis</u> was convicted of a § 922(g) violation. The district court granted a variance from an advisory Guidelines range of 46 to 57 months imprisonment and imposed 5 years probation. Our court reversed, emphasizing that the district court failed to give proper weight to the seriousness of the offense and the requirement to avoid unwarranted sentencing disparities among defendants found guilty of similar conduct. <u>Id.</u> at *2. The district court similarly erred in this case by not giving those factors sufficient weight.

We also find that the district court gave undue weight to the fact that Robinson was hunting with the firearm at issue. Although Robinson did not engage in "unlawful use" of the firearm, the statute under which he was charged does not require any use. His possession alone was unlawful. The Sentencing Commission has recognized that some felons who are in possession of firearms solely for "lawful sporting purposes" are entitled to reduced sentences. U.S.S.G. § 2K2.1(b)(2). However, the Sentencing Commission specifically denied such relief to felons like Robinson who have two or more felony convictions for crimes of violence. <u>Id.</u> § 2K2.1(a)(1), (b)(2).

We do not assert that a variance from the advisory Guidelines range would be inappropriate in this case. A sentence varying from the Guidelines range may be reasonable so long as the sentencing judge offers appropriate justification using the § 3553(a) factors. <u>United States v. Lazenby</u>, 439 F.3d 928, 932 (8th Cir. 2006). We hold only that the extraordinary variance of imposing probation when the low end of the advisory range is 63 months "is not supported by comparably extraordinary

circumstances." <u>Id.</u> (finding unreasonable a sentence of 12 months and 1 day when the low end of the advisory range was 70 months and a similarly situated co-conspirator was sentenced to 87 months).

III.

For the foregoing reasons, we remand to the district court for re-sentencing.

_____