**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4840**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALLEN VAN WILSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (1:05-cr-00258-WLO)

Submitted: January 29, 2007          Decided: March 5, 2007

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Allen Van Wilson pled guilty, pursuant to a plea agreement, to one count of possession of a destructive device made without authorization or approval in violation of 26 U.S.C. §§ 5861(c) & 5871 (2000). On appeal, Wilson challenges his sentence on three grounds. He contends that: (1) the district court used the wrong standard in fashioning his sentence; (2) the district court erred in declining to grant his motion for a downward departure based on his intent to help the U.S. military; and (3) his sentence is unreasonable because it is a custodial, rather than a non-custodial, sentence. Because the district court fully complied with its procedural obligations in imposing the sentence and Wilson has not met his burden of demonstrating that his sentence is unreasonable, we affirm.

Wilson's guilty plea was based on his construction of hand grenades at his home. Wilson had not registered his explosive devices with the Secretary of the Treasury, paid tax on their manufacture or obtained approval to register the explosives. See 26 U.S.C. § 5822 (2000) (approval, registration and tax requirements). At sentencing, Wilson acknowledged that he knew it was illegal to develop the devices without registration and approval, but hoped that once he perfected the design, he would still be able to secure a patent, produce and sell the weapons to

- 2 -

the military to further the war effort in Iraq. Wilson's Guidelines range was 37 to 46 months of imprisonment.

Wilson requested a downward departure and a non-custodial sentence based on two factors identified in U.S. Sentencing Guidelines Manual ("USSG"), lesser harms, § 5K2.11, and diminished capacity, § 5K2.13. The court imposed a downward variance sentence of 30 months' imprisonment based on the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C.A. § 3553(a)(1) (West 2000 & Supp. 2006). The court identified several factors that it concluded justified a sentence outside the Guidelines range: (1) the likelihood of recidivism was minimal; (2) the defendant's family obligations and his wife's mental condition; (3) the defendant's mental condition; and (4) a 30-month sentence would be sufficient deterrence.

In imposing a sentence after Booker,[1] the district court must first correctly determine, after making appropriate findings of fact, the applicable Guidelines range. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Next, the court must "determine whether a sentence within that range . . . serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). The district court must articulate the reasons

---

[1] United States v. Booker, 543 U.S. 220 (2005).

for the sentence imposed, particularly explaining any departure or variance from the Guidelines range.  See 18 U.S.C.A. § 3553(c) (West Supp. 2006); Hughes, 401 F.3d at 546 & n.5.  The explanation of a variance sentence must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary. See Green, 436 F.3d at 455-56.

This court reviews the sentence for reasonableness, considering "the extent to which the sentence . . . comports with the various, and sometimes competing, goals of § 3553(a)."  United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  When we review a sentence outside the advisory Guidelines range--whether as a product of a departure or a variance--we consider whether the district court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the Guidelines range.  See id. at 433-34 (variance sentence); United States v. Hairston, 96 F.3d 102, 106 (4th Cir. 1996) (departure sentence).

Wilson contends that the district court used an incorrect standard when it fashioned a sentence based on "reasonableness" rather than a sentence "sufficient, but not greater than necessary" to accomplish the goals of § 3553(a).[2]  He cites to United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006), in which

_____

[2]Specifically the district court stated at sentencing that it found a 30-month sentence to be a "reasonable sentence for the public and for Mr. Wilson himself."

this court recited the reasonableness standard. However, this court did not suggest in <u>Davenport</u> that a district court may not use the term "reasonable" in describing a defendant's sentence. Nor does <u>Davenport</u> stand for the proposition that in order to withstand appellate review, a district court must specifically articulate the language of the statute "sufficient, but not greater than necessary." Wilson's argument is one of semantics and because the district court followed the appropriate procedure in imposing the sentence, considered the relevant factors, and adequately explained its reasoning, we reject it.[3]

Wilson also challenges the court's decision denying his motion for a downward departure based on USSG § 5K2.11 (lesser harms). He claims the court's refusal to depart was based on a mistaken belief that it lacked authority to do so. While a district court's mistaken view that it lacked the authority to depart may constitute reversible error, <u>see</u> <u>United States v. Bayerle</u>, 898 F.2d 28, 30-31 (4th Cir. 1990), our review of the sentencing proceeding confirms the integrity of the court's reasoning.

The district court fully considered Wilson's motion for a downward departure based on the argument that his patriotic

---

[3]Wilson also argues that this court's presumption of reasonableness to sentences within the Guidelines range is unconstitutional. In view of the fact that Wilson's sentence is below the Guidelines range, this argument affords him no benefit.

motives warranted a reduced sentence, but determined that, regardless of Wilson's motives, the interest of the public in punishing and deterring the type of dangerous illegal conduct Wilson had committed was not diminished. This analysis is consistent with USSG § 5K2.11. p.s., which explains that while a departure on the basis of lesser harms may be appropriate where a defendant commits a crime "in order to avoid a perceived greater harm," a sentencing reduction is inappropriate "[w]here the interest in punishment or deterrence is not reduced."

USSG § 5K2.11 p.s., also permits a reduced sentence if the conduct does not "cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue." The policy statement cites, as an example, a case in which a war veteran possesses a grenade as a "trophy." Arguing for the application of this exception, Wilson relies on United States v. White Buffalo, 10 F.3d 575, 576-77 (8th Cir. 1993), in which the defendant was convicted of possession of a sawed-off shotgun and a downward departure was affirmed. In that case, the defendant lived in a rural area and shortened a rifle to enable him to crawl under a chicken shack to dispose of predators.

We conclude, however, that Wilson's conduct did not warrant application of the portion of USSG § 5K2.11 which the court relied on in White Buffalo. Here, although Wilson may have hoped to assist the government and military, his conduct still caused

exactly the harm, the unregulated possession and manufacture of explosives, that the statute seeks to prevent. As the district court determined, Wilson's motives do not diminish society's interest in punishment and deterrence of the conduct in which he engaged.

Finally, Wilson argues that his sentence is unreasonable because a non-custodial sentence would be sufficient to serve the purposes of sentencing. He contends that the court failed to properly consider the "circumstances of the offense and the history and characteristics of the defendant" in accordance with § 3553(a)(1), and failed to accord sufficient weight to his mental health history. However, this factor is the stated basis for the court's imposition of a non-Guidelines sentence, and one of the factors listed as justification for the sentence is the "defendant's mental condition." Thus, the court properly considered and relied on the relevant factors under § 3553(a) in imposing the sentence and Wilson has not established that the sentence is unreasonable.

Accordingly, we affirm Wilson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED