# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3123

_____

United States of America,

Appellee,

v.

Jose Arquimides Ibarra,

Appellant.

* \
* \
* \
*    Appeal from the United States \
*    District Court for the \
*    Southern District of Iowa. \
* \
*    [UNPUBLISHED] \
*

_____

Submitted: February 13, 2007
Filed: April 5, 2007

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

Jose Arquimides Ibarra appeals the sentence pronounced by the district court[1] after his plea of guilty to possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). For the reasons discussed below, we affirm.

During a traffic stop in September 2004, Ibarra consented to a search of his

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

vehicle by the Iowa State Patrol. Officers discovered 30 packages of cocaine concealed in a cavity accessible through the floor of the vehicle's passenger compartment. The total net weight of the cocaine was just under 30 kilograms. Ibarra posted bond on the resulting state charges and then absconded from Iowa. He was apprehended in Texas attempting to cross the border into Mexico in November 2005. An indictment on the instant federal charge had been obtained in the interim.

Ibarra pled guilty to the federal charge pursuant to a written plea agreement. He had no previous criminal history. The parties stipulated to a drug quantity between 15 and 50 kilograms of cocaine, resulting in a base offense level of 34 under the United States Sentencing Guidelines. Although subject to a ten-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), Ibarra qualified for safety-valve relief under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. He received the associated two-level safety-valve reduction under U.S.S.G. § 2D1.1(b), as well as a three-level reduction for acceptance of responsibility. However, Ibarra also received a two-level enhancement for obstruction of justice because he fled after posting bond. His resulting advisory guidelines range was 108 to 135 months.

Ibarra suggested several justifications to the district court for a downward variance from the guidelines based on the 18 U.S.C. § 3553(a) factors, including the fact he had attained age 55 with no previous criminal history and that he had strong family and community support. The district court began its discussion of the § 3553(a) factors as follows:

> It is certainly appropriate that I consider Mr. Ibarra's past and his activities, and the record that I have indicates that it was of being a fine citizen, a contributor to his community . . . [but] the court must also consider the nature of the offense. . . . [D]istribution of cocaine, particularly significant amounts of cocaine, is a very serious offense and an extreme problem to society.

The district court next found that protecting the public from further crimes of

the defendant was not a very significant factor in this case. It then discussed the guidelines range as a factor:

> The court does consider the guidelines sentencing range. While it is not mandatory, it is a very useful sentencing tool based upon extensive study and refinement. The court does look to the guideline calculation as an important, though not singularly controlling, factor to be considered, and the court recognizes that in this circuit that the guideline range is presumed to be reasonable in the absence of specific ability to characterize why this case would be different and, therefore, the guideline range would be unreasonable.

After emphasizing that the need to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is "extremely important," the district court concluded:

> It seems to me that, under the circumstances of this case, what really drives this case is the seriousness of the offense, the amount of cocaine involved, the absence of any criminal record in the past, and all of those things are specifically addressed in the guideline calculation, particularly with the application of the safety valve.

> I conclude that the guideline sentencing system adequately addresses the circumstances of this case and that the sentencing guideline range is a reasonable range.

The district court then pronounced a sentence of 108 months' imprisonment, the lower end of the guidelines range. Ibarra now appeals his sentence, arguing that

the district court gave too much weight to the advisory guidelines range at the expense of the other § 3553(a) sentencing factors.[2]

"When there is no dispute on appeal about the applicable guideline range, we examine whether the sentence imposed is 'reasonable' in light of the factors articulated in 18 U.S.C. § 3553(a)," reviewing the district court's decision for abuse of discretion. *United States v. Likens*, 464 F.3d 823, 825 (8th Cir. 2006). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005).

After reviewing the record in the instant case, we find that the district court did not abuse its discretion in imposing Ibarra's sentence. Contrary to Ibarra's assertion that the district court undervalued the non-guidelines § 3553(a) factors, the district court found that "what really drives this case is the seriousness of the offense, the amount of cocaine involved, [and] the absence of any criminal record in the past."

---

[2]Ibarra also argues for the first time on appeal that the district court erred as a matter of law in stating that the advisory guidelines range was presumptively reasonable. He acknowledges our circuit's precedent that the advisory guidelines range is presumptively reasonable, *see, e.g.*, *United States v. Likens*, 464 F.3d 823, 825 (8th Cir. 2006), but asks us to reconsider based on the Supreme Court's grant of certiorari in *United States v. Rita*, 177 Fed. Appx. 357 (4th Cir.) (unpub. per curiam), *cert. granted*, ___ U.S. ___, 127 S. Ct. 551 (2006) (granting certiorari on the question, "[I]s it consistent with *United States v. Booker*. . . to accord a presumption of reasonableness to within-Guidelines sentences?") and in our own *United States v. Claiborne*, 439 F.3d 479, 481 (8th Cir.), *cert. granted*, ___ U.S. ___, 127 S. Ct. 551 (2006). Of course, a panel of this Court is bound by the decisions of prior panels unless (and until) the court en banc, or the Supreme Court, reaches a different result. *See Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 838 (8th Cir. 1997). Therefore, we reject Ibarra's argument.

The district court carefully considered Ibarra's evidence regarding his history and characteristics, *see* § 3553(a)(1), and agreed with Ibarra that there was little risk to the public from further crimes of the defendant, *see* § 3553(a)(2)(C). Nevertheless, the district court found that, in light of the safety-valve relief included in the advisory guidelines calculation and the need to avoid unwarranted sentencing disparities, *see* § 3553(a)(6), "the sentencing guideline range is a reasonable range." On this record, we hold that the district court did not clearly err by placing too much weight on the advisory guidelines range.

In summary, the record does not support Ibarra's contentions that the district court abused its discretion in arriving at his sentence. Accordingly, we affirm the sentence imposed by the district court.

_____