# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3123

_____

United States of America,

        Appellee,

v.

Jose Arquimides Ibarra,

        Appellant.

Appeal from the United States
District Court for the
Southern District of Iowa.

[UNPUBLISHED]

_____

Submitted: November 5, 2007
Filed: December 4, 2007

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

This case is before us on remand from the United States Supreme Court for reconsideration in light of *Rita v. United States*, 551 U.S. ---, 127 S. Ct. 2456 (June 21, 2007). In *Rita*, the Supreme Court held that the "presumption [of reasonableness] applies only on appellate review." *Rita*, 127 S. Ct. at 2465. "[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id.* After reconsidering Ibarra's sentence as directed by the Supreme Court, we affirm.

Ibarra appealed the sentence pronounced by the district court[1] after his plea of guilty to possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A). The district court sentenced Ibarra to 108 months' imprisonment, a sentence at the lower end of his advisory sentencing guidelines range of 108 to 135 months. This court affirmed the sentence. Further discussion of the underlying facts in this matter may be found at *United States v. Ibarra*, 220 Fed. Appx. 454 (8th Cir.), *vacated*, --- U.S. ---, 76 U.S.L.W. 3223 (Oct. 29, 2007) (No. 07-5130).

At sentencing, the district court discussed the 18 U.S.C. § 3553(a) factors and also stated that a sentence within the advisory guidelines range was presumptively reasonable. Ibarra did not object to the district court's presumption. Therefore, we now review Ibarra's sentence for plain error. *See United States v. Pirani*, 406 F.3d 543, 550 (8th Cir. 2005) (en banc).

Under plain error review, the defendant has the burden of proof. *Id.* (citing *United States v. Olano*, 507 U.S. 725, 734-35 (1993)). He must prove that there was "(1) error, (2) that [was] plain, and (3) that affect[ed] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)). The district court committed error by stating that an advisory guidelines sentence was presumptively reasonable. The error is plain at this time. *Id.* However, this error did not affect substantial rights and was not prejudicial to Ibarra because the record does not show "reasonable probability that he would have received a more favorable sentence" without the presumption. *Id.* at 551. The district court thoroughly discussed the § 3553(a) factors before it sentenced Ibarra. It stated:

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

It is certainly appropriate that I consider Mr. Ibarra's past and his activities, and the record that I have indicates that it was of being a fine citizen, a contributor to his community . . . [but] the court must also consider the nature of the offense. . . . [D]istribution of cocaine, particularly significant amounts of cocaine, is a very serious offense and an extreme problem to society. . . .

It seems to me that, under the circumstances of this case, what really drives this case is the seriousness of the offense, the amount of cocaine involved, the absence of any criminal record in the past, and all of those things are specifically addressed in the guideline calculation, particularly with the application of the safety valve.

I conclude that the guideline sentencing system adequately addresses the circumstances of this case and that the sentencing guideline range is a reasonable range.

Due to the seriousness of the offense and the need to avoid unwarranted sentencing disparities, *see* § 3553(a)(6), the district court determined that "the sentencing guideline range is a reasonable range." With this proper analysis of the § 3553(a) factors and the district court's determination that the guidelines range constituted a reasonable range, we are convinced that Ibarra cannot carry his burden of showing that he would have received a lesser sentence in the absence of the district court's erroneous presumption. Accordingly, we affirm Ibarra's sentence.

_____