# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2243

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Sheldon Lynn Bryant, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: March 15, 2006
Filed: May 9, 2006

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

The government appeals the sentence of thirty months' imprisonment imposed by the district court on Sheldon Lynn Bryant, arguing that it is unreasonable. We vacate the sentence and remand to the district court for resentencing.

Bryant pleaded guilty to conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In his plea agreement, Bryant admitted that, beginning as early as August 2001 and continuing until July 18, 2003, he was involved in a conspiracy to distribute cocaine base and that the conspiracy involved more than fifty grams of cocaine base. Law enforcement officials identified Bryant as a mid-level dealer in this conspiracy, and he admitted that he was the

primary supplier for one buyer, selling him cocaine base on nearly a daily basis for approximately two years.

The district court found that Bryant's total offense level was twenty-seven, his criminal history category was I, and the applicable sentencing guideline range was thus between seventy and eighty-seven months. Neither party challenges this calculation on appeal. At the sentencing hearing, Bryant's counsel argued that Bryant had been drug-free for nine months, had a supportive family, and an insignificant prior criminal history. Sent. Tr. at 3. The court then told Bryant that he would be sentenced to thirty months' imprisonment to "give [him] enough time to go through the drug treatment program." Sent. Tr. at 4. The district court also stated that "based on [Bryant's] previous good record and the fact that [he has] for a period of nine months been drug-free, [it was] going to go much below the" guideline range. Id. The government objected to this variance and timely filed this appeal.

When there is no dispute about the applicable guideline range, the issue we examine on appeal is whether the sentence imposed is "reasonable" in light of the factors articulated in 18 U.S.C. § 3553(a). United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005). We review the district court's decision for abuse of discretion. United States v. Dalton, 404 F.3d 1029, 1032 (8th Cir. 2005). A discretionary sentencing ruling may be unreasonable if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment by arriving at a sentence outside the limited range of choice dictated by the facts of the case. Haack, 403 F.3d at 1004.

A sentence within the guideline range is presumed to be reasonable. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005). Sentences deviating from the guideline range can be reasonable so long as the judge offers appropriate justification under the factors specified in Section 3553(a). United States v. Claiborne, 439 F.3d

479, 481 (8th Cir. 2006). The further the district court varies from the presumptively reasonable guideline range, the more compelling the justification based on the 3553(a) factors must be. United States v. McMannus, 436 F.3d 871, 874 (8th Cir. 2006). An extraordinary reduction must be supported by extraordinary circumstances. Dalton, 404 F.3d at 1029.

The thirty month sentence imposed in this case represents a fifty-seven percent downward variance from the bottom of Bryant's advisory guideline range. We are mindful that the appropriate degree of sentencing reduction cannot be calculated with mathematical precision, and there is a range of reasonableness available to the district court in any given case. United States v. Saenz, 428 F.3d 1159, 1164-65 (8th Cir. 2005). Nevertheless, the record in this case does not support such a drastic reduction from the guideline range.

The district court, in sentencing Bryant, offered only a brief reference to Bryant's "previous good record" and the fact that he had remained drug-free for nine months. While we do not require a rote recitation of each § 3553(a) factor, the court should explain both the decision to vary and the extent of the variance. United States v. Gatewood, 438 F.3d 894, 896 (8th Cir. 2006). The district court presumably intended Bryant's drug rehabilitation and limited criminal history to be relevant to "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In light of the other Section 3553(a) factors, however, such as the nature and circumstances of the offense, the need of the sentence to reflect the seriousness of the offense and to provide just punishment, the applicable guideline range, and the need to avoid unwarranted sentencing disparities, the history and characteristics of Bryant do not justify a thirty-month sentence in this case.

The applicable guideline range already reflected two significant reductions of Bryant's sentence due to his limited criminal history. First, the statutory mandatory minimum sentence of 120 months did not apply. Sent. Tr. at 4. Second, his criminal

history category of I was used to arrive at the guideline range of seventy to eighty-seven months. Because his limited criminal history had already been accounted for in this way, it was unreasonable for the district court to use that criminal history as justification for an extraordinary variance such as this one. See Claiborne, 439 F.3d at 481 (holding that a limited criminal history does not justify a sixty percent reduction when that criminal history has already eliminated an otherwise applicable mandatory minimum sentence); United States v. Myers, 439 F.3d 415, 418 (8th Cir. 2006) ("[I]f the district court's departure is based merely on a lack of criminal history, the significant divergence from the guideline range would be unreasonable.").

Similarly, while we join with the district court in commending Bryant for remaining drug-free during the nine months preceding the sentencing hearing, that drug-free status is not an extraordinary factor sufficient to justify such a large variance. As we held in United States v. Rogers, "remaining drug-free, while commendable, [is] not extraordinary or atypical." 400 F.3d 640, 642 (8th Cir. 2005). "[W]ithin the framework of an advisory guideline scheme designed to reduce unwarranted sentence disparities among similar defendants," Saenz, 428 F.3d at 1162, it is unreasonable for such a large variance to be made based simply on Bryant's limited criminal history and nine months of drug-free living. Although these factors might well be sufficient to justify some variance from the presumptively reasonable guideline range, they do not justify a fifty-seven percent variance from the presumptively reasonable guideline range. The sentencing guidelines are indeed no longer mandatory, but they continue to be guideposts that must be respected, lest we see a return to the unwarranted sentencing disparities that resulted in the adoption of the guidelines themselves.

The sentence is vacated, and the case is remanded to the district court for resentencing in accordance with this opinion.

_____