# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3917

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Morris K. Likens, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: May 16, 2006
Filed: September 22, 2006 **(Corrected 10/4/06)**

_____

Before WOLLMAN, BRIGHT, and RILEY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Morris K. Likens was convicted on his guilty plea of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and of being a drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3), and was sentenced to three years' probation. The government appeals the sentence, arguing that it is unreasonable. We vacate the sentence and remand to the district court for resentencing.

# I.

Likens, a Florida resident, traveled to Davenport, Iowa, to attend a high school reunion. Police officers stopped him for driving without wearing a seatbelt and arrested him when they observed marijuana inside his truck. The officers searched the truck and found a .45 caliber pistol, a loaded magazine, and several rounds of ammunition. Likens admitted to the officers that he owned the pistol and that he had transported it from Florida to Iowa. He also admitted that he had smoked marijuana while the pistol was in his possession.

Likens had previously been convicted of several drug offenses. In 1991 and 1993, he was convicted for purchasing crack cocaine from a police officer. He was fined and served probation sentences for both convictions. In 2000, police officers found crack in Likens's car, and he was fined and sentenced to five months in jail. Each of these convictions was for a felony offense.

Following the district court's denial of his motion to suppress, Likens pleaded guilty to the charges against him. The presentence report (PSR) determined Likens's base offense level to be 14 and his criminal history score to be II. It recommended a two-level enhancement for obstruction of justice because of Likens's false testimony at the suppression hearing. The district court found that Likens had testified falsely and assessed the enhancement. The district court awarded a three-level reduction for acceptance of responsibility, resulting in a guideline range of fifteen to twenty-one months' imprisonment.

At the sentencing hearing, the district court discussed a number of sentencing factors. Discussing the nature and circumstances of the offense, the district court noted that "no violence was involved in the offense conduct." Sent. Tr. at 16. In examining the history and characteristics of the defendant, the district court observed that Likens had been married for thirty-one years, had a supportive family, and was

suffering from diabetes, heart disease, and addictions to alcohol and drugs. In examining the need for the sentence imposed, the district court opined that "[t]he interests of protecting the public, providing just punishment for the offense, lowering the risk of recidivism and affording adequate deterrence" would all be met with a sentence of probation. Id. at 18. The court continued:

> The Defendant does not pose a threat of violence to society nor to those nearest to him. . . . The real intent of the statute prohibiting felons from being in possession of firearms is only to protect society.
>
> The conduct in this case was entirely linked to [Likens's] substance abuse and mental health problems. Indeed, sending a person with congestive heart failure, a close family support system, and in his fifties would promote not respect, but likely derision for the law.

Id.

The district court then sentenced Likens to three years' probation, conditioned upon his participation in a substance abuse treatment and testing program.

## II.

When there is no dispute on appeal about the applicable guideline range, we examine whether the sentence imposed is "reasonable" in light of the factors articulated in 18 U.S.C. § 3553(a). United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005). We review the district court's decision for abuse of discretion. United States v. Dalton, 404 F.3d 1029, 1032 (8th Cir. 2005). A discretionary sentencing ruling may be unreasonable if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment by arriving at a sentence outside the limited range of choice dictated by the facts of the case. Haack, 403 F.3d at 1004.

The guideline range, though advisory, is presumed to be reasonable. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005). Sentences deviating from the guideline range can be reasonable so long as the judge offers appropriate justification under the factors specified in § 3553(a). United States v. Claiborne, 439 F.3d 479, 481 (8th Cir. 2006). The further the district court varies from the presumptively reasonable guideline range, the more compelling the justification based on those factors must be. United States v. McMannus, 436 F.3d 871, 874 (8th Cir. 2006). An extraordinary reduction must be supported by extraordinary circumstances. Dalton, 404 F.3d at 1033.

The probationary sentence imposed in this case represents a one-hundred percent downward variance from the bottom of the applicable advisory guideline range. United States v. Gall, 446 F.3d 884, 889 (8th Cir. 2006). Our review of the record and the district court's analysis of the § 3553(a) factors does not reveal the existence of the type of extraordinary circumstances necessary to justify such a reduction. Instead, it appears that the district court failed to consider important factors, gave inappropriate weight to irrelevant factors, and committed clear errors of judgment with respect to some relevant factors.

First, it appears that the district court failed to consider the need to avoid unwarranted sentencing disparities. "The sentencing guidelines are indeed no longer mandatory, but they continue to be guideposts that must be respected, lest we see a return to the unwarranted sentencing disparities that resulted in the adoption of the guidelines themselves." United States v. Bryant, 446 F.3d 1317, 1320 (8th Cir. 2006). The record does not reflect any consideration by the district court of this important factor.

The district court also gave inappropriate weight to irrelevant or insignificant factors. The district court appeared to place inordinate weight on Likens's age and substance abuse problems. Age and drug addiction or abuse are not ordinarily

extraordinary circumstances. United States v. Lee, 454 F.3d 836, 839 (8th Cir. 2006). While these and other factors cited by the district court might justify some variance from the guideline range, they are not sufficient to justify a sentence of probation in this case.

Finally, the district court erred in its consideration of other relevant factors in that it unduly minimized the seriousness of Likens's conduct. The structure of the Gun Control Act of 1968, which criminalized the conduct committed here, seeks to curb crime and protect the public by keeping firearms out of the hands of those Congress considers to be potentially irresponsible and dangerous. See Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 118-19 (1983); Barrett v. United States, 423 U.S. 212, 218 (1976). Congress has clearly expressed its view regarding the seriousness of the offenses described in 18 U.S.C. §§ 922(g)(1) and (g)(3), and it is not the judiciary's prerogative to require that the government establish that those who commit such offenses possess violent tendencies.

The district court also incorrectly minimized the effect a prison sentence has in achieving the goals of deterrence and promoting respect for the law. By minimizing the seriousness of the offense to justify a sentence of probation, the district court did not properly consider the need for the sentence imposed to serve as an adequate deterrent against other similar conduct. What we said in an earlier case applies with equal force here: "The goal of deterrence rings hollow if a prison sentence is not imposed in this case." United States v. Ture, 450 F.3d 352, 358 (8th Cir. 2006). Similarly, granting such a substantial variance does not promote respect for the law. See id. at 357-58. Likens did not commit a technical or accidental violation of the statute, nor, assuming without deciding that such a defense might be available in a proper case, was his possession innocent or transitory. Cf. United States v. Mason, 233 F.3d 619, 622-25 (D.C. Cir. 2000); United States v. Ali, 63 F.3d 710, 716 n.7 (8th Cir. 1995). He transported the firearm and ammunition from Florida to Iowa, and he

illegally used marijuana while he was in possession of the firearm.  Once apprehended, he testified falsely under oath.

The sentence is vacated, and the case is remanded to the district court for resentencing in accordance with the views set forth in this opinion.

BRIGHT, Circuit Judge, dissenting.

The majority's determination that the district judge erred when sentencing Mr. Likens to probation serves as yet another example of the upside down world of sentencing in the federal courts.

In this present case, the district judge determined that probation is right and just given all the circumstances.  That was his reasoned judgment based on his significant experience and consideration.[1]  To reverse this exercise of discretion in such a close case seems wrong.

There is nothing abusive about the exercise of reason simply because it is also an exercise of compassion.  The majority's opinion reads as if sentencing Mr. Likens to probation essentially would leave him unpunished.  This is hardly the case; three years' probation would still serve to significantly curtail Mr. Likens's mobility, activities, drug-use, and personal freedom while sparing the citizens of this country the expense of incarcerating a person in poor health who is no danger to society.

---

[1]In his tenure as a federal district judge, Judge Pratt has sentenced approximately nine hundred ninety offenders.  We have reviewed only a minuscule number of those cases.  Judge Pratt has had the experience to decide the fate of more than nine hundred real people, all of whom he has looked in the eye when imposing a sentence.  (Information regarding the number of sentences Judge Pratt has imposed was obtained from his chambers.)

Incarceration is not the only, and indeed not even always the best, means of punishing or deterring crime.

From the cold record before me, I can't say whether Mr. Likens deserves incarceration or not.  Again, it is a close call – but not ours to make.  The sentencing judge exercised his reasoned discretion and, without more, this court should not disturb it.  Discretion in sentencing belongs to the district court.  Unfortunately, it is a prerogative that this court will not recognize in many, perhaps too many, cases.  <u>See</u> <u>United States v. McDonald</u>, 2006 WL 2528580, *9-10 (8th Cir. 2006) (Bye, J., dissenting).  Thus, I dissent.

_____