# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1613

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff – Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Melvin Alexander Gonzalez-Alvarado | * | |
| | * | |
| | * | |
| Defendant – Appellee. | * | |
| | * | |

_____

Submitted: November 15, 2006
Filed:  February 26, 2007

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Melvin Alexander Gonzalez-Alvarado pled guilty to one count of illegally reentering the United States. The district court granted his motion for a downward departure, and then varied from the guideline range.  The government appeals, claiming an unreasonable variance from the guideline range.  Having jurisdiction under 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291, this court reverses and remands.

Gonzalez-Alvarado, a native of El Salvador, entered the United States in 1987. He joined a street gang and began dealing drugs. In 1992, Gonzalez-Alvarado was convicted of two felonies for selling cocaine. He was sentenced to five years imprisonment for each charge (to run concurrently) and deported to El Salvador in 1995.

Gonzalez-Alvarado illegally re-entered the United States in 1999, but was not discovered until June 2005. He pled guilty to unlawful re-entry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).

Gonzalez-Alvarado's initial guideline range was 46 to 57 months. The district court considered his familial and economic ties to the United States. Although his two children live in El Salvador and his father in Guatemala, his mother, two brothers and wife reside here. He had worked at West Liberty Foods in Iowa for the last six years. Based on these factors, the court found Gonzalez-Alvarado culturally assimilated, and reduced his offense level of 21 to 19. The court then found his criminal history over-represented because it occurred while he was a teenager, within a short time frame. The court reduced his criminal history from category III to category II. The court determined the appropriate guideline range as 33 to 41 months.

The district court next considered the 18 U.S.C. § 3553(a) factors and again took into account the overstatement of Gonzalez-Alvarado's criminal history and his economic ties to the United States. The court also emphasized that "if he were taken into custody in a federal jurisdiction with a fast track immigration enforcement policy, his sentence would be further reduced." As a result, the court sentenced Gonzalez-Alvarado to 12 months and one day imprisonment – a 64 percent reduction – followed by one year of supervised release.

The government appeals only the variance from the 33-to-41 month range, to 12 months and one day. "When there is no dispute about the applicable guideline

range, the issue we examine on appeal is whether the sentence imposed is 'reasonable' in light of the factors articulated in 18 U.S.C. § 3553(a)." ***United States v. Bryant,*** 446 F.3d 1317, 1319 (8th Cir. 2006). A sentence within the guideline range is presumed reasonable. *See **United States v. Claiborne,*** 439 F.3d 479, 481 (8th Cir. 2006), *cert. granted*, 127 S.Ct. 551 (2006); ***United States v. Tobacco,*** 428 F.3d 1148, 1151 (8th Cir. 2005). Sentences deviating from the guideline range are reasonable so long as the judge offers appropriate justifications under the factors in § 3553(a). *See **Claiborne,*** 439 F.3d at 481. A ruling on sentencing is unreasonable if the court fails to consider a relevant factor that should receive significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment by arriving at a sentence outside the limited range of choice dictated by the facts of the case. *See **Tobacco,*** 428 F.3d at 1151. "The further the district court varies from the presumptively reasonable guideline range, the more compelling the justification based on the 3553(a) factors must be." ***Bryant,*** 446 F.3d at 1319. An extraordinary reduction must be supported by extraordinary circumstances. *See **United States v. Dalton,*** 404 F.3d 1029, 1033 (8th Cir. 2005).

In this case, the district court reduced the guideline range because of Gonzalez-Alvarado's familial and economic ties to the United States and his overstated criminal history. The court then varied from the guidelines, again considering that he "contributes to the economy" and that no "violence, firearms, drug trafficking, or other type of crime accompanied his present offense conduct." The court further emphasized that "if he were taken into custody in a federal jurisdiction with a fast track immigration enforcement policy, his sentence would be further reduced." The government contends that the court imposed an unreasonable sentence by considering Gonzalez-Alvarado's criminal history and economic and familial ties to the United States under both the guidelines and 18 U.S.C. § 3553(a), and by accepting the fast-track argument.

First, this court discourages drastic reductions absent extraordinary circumstances, especially when the sentencing guidelines already significantly reflect the mitigating factors. *See Bryant,* 446 F.3d at 1319-20 ("applicable guideline range already reflected two significant reductions of [defendant's] sentence due to his limited criminal history. . . . it was unreasonable for the district court to use that criminal history as justification for an extraordinary variance"); *see also Claiborne,* 439 F.3d at 481 (60 percent downward variance not supported by extraordinary circumstances because defendant's "lack of criminal history was taken into account when the safety valve eliminated an otherwise applicable mandatory minimum sentence," and "small amount of crack cocaine seized during his two offenses was taken into account in determining his guidelines range"). Moreover, the facts that Gonzalez-Alvarado has not been convicted of crime since his illegal return, and that he has a job and family in the United States, are not extraordinary circumstances. *Cf. United States v. Rogers,* 400 F.3d 640, 642 (8th Cir. 2005) (downward departure not justified because "reuniting with family and remaining drug-free, while commendable, are not extraordinary or atypical"); *United States v. Monteiro,* 417 F.3d 208, 215 (1st Cir. 2005) (discussing cases denying a downward departure when defendant was substance free, attended to family responsibilities, and held gainful employment).

Second, variances based on the absence of fast-track programs are impermissible. *See United States v. Sebastian,* 436 F.3d 913, 916 (8th Cir. 2006) (for "the district court to vary from the advisory guidelines based solely on the existence of early disposition programs in other districts would conflict with the decision of Congress to limit the availability of such sentence reductions to select geographical areas"); *United States v. Martinez-Trujillo,* 468 F.3d 1266, 1268 (10th Cir. 2006) ("We cannot say that a disparity is 'unwarranted' within the meaning of § 3553(a)(6) when the disparity was specifically authorized by Congress in the PROTECT Act"); *United States v. Arevalo-Juarez,* 464 F.3d 1246, 1251 (11th Cir. 2006) (it is "impermissible for the district court to consider disparities associated with early disposition programs . . . because such disparities are not unwarranted sentencing

disparities for the purposes of § 3553(a)(6)").  *See also* **United States v. Jimenez-Beltre,** 440 F.3d 514, 519 (1st Cir. 2006), *cert. denied,* 75 U.S.L.W. 3350 (U.S. Jan. 8, 2007) (No. 06-5727) (fast-track law "certainly permits disparities but they are the result of a congressional choice made for prudential reasons, implicitly qualifying the general aim of equality"); **United States v. Mejia,** 461 F.3d 158, 163 (2d Cir. 2006) ("Legislative history confirms that departures pursuant to fast-track programs were intentionally limited to authorized programs"); **United States v. Aguirre-Villa,** 460 F.3d 681, 683 (5th Cir. 2006) (agreeing with this court's reasoning in *Sebastian*); **United States v. Hernandez-Fierros,** 453 F.3d 309, 314 (6th Cir. 2006) (a disparity caused by fast-track programs "does not run counter to § 3553(a)'s instruction to avoid unnecessary sentencing disparities"); **United States v. Martinez-Martinez,** 442 F.3d 539, 542 (7th Cir. 2006) ("Congress simply has authorized prosecutorial authorities to weigh the benefits of a longer sentence against the burdens of delay and oppressive case management"); **United States v. Marcial-Santiago,** 447 F.3d 715, 718 (9th Cir. 2006), *cert. denied,* 127 S.Ct. 309 (2006) ("In light of Congress's explicit authorization of fast-track programs . . . we cannot say that the disparity between Appellants' sentences and the sentences imposed on similarly-situated defendants in fast-track districts is 'unwarranted' within the meaning of § 3553(a)(6)").  *Cf.* **United States v. Montes-Pineda,** 445 F.3d 375, 379-80 (4th Cir. 2006) ("Congress seems to have endorsed at least some degree of disparity by expressly authorizing larger downward departures for defendants in 'fast track' districts").

The sentence imposed by the district court is unreasonable, and is vacated.  The case is remanded for resentencing.

_____