# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2875

_____

United States of America,                    *
                                             *
                    Appellant,               *
                                             *    Appeal from the United States
          v.                                 *    District Court for the
                                             *    District of Minnesota.
Todd Douglas Miller,                         *
                                             *
                    Appellee.                *


_____

Submitted: February 13, 2007
Filed: May 2, 2007

_____

Before O'CONNOR, Associate Justice (Ret.),[1] WOLLMAN, and SMITH, Circuit
     Judges.

_____

SMITH, Circuit Judge.

       Todd D. Miller pleaded guilty to aiding and abetting possession with intent to
distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C.
§ 2. The district court determined that Miller's Guidelines range was 37 to 46 months'
imprisonment but imposed a sentence of three years' probation, with conditions,

_____

       [1]The Honorable Sandra Day O'Connor, Associate Justice, Supreme Court of the
United States (Ret.), sitting by designation.

including that Miller be confined to home detention for the first 12 months. The government appeals the sentence. We reverse.

## I. *Background*

Miller was actively involved in a cocaine distribution conspiracy on Indian reservations and other communities in northern Minnesota. On June 17, 2005, Miller was arrested and ordered detained in connection with a three-count federal indictment. On February 1, 2006, Miller pleaded guilty, pursuant to a plea agreement, to aiding and abetting possession with intent to distribute cocaine. The plea agreement stipulated that Miller possessed 26.4 grams of cocaine seized from his vehicle on one occasion, that he intended to distribute the drugs, and that he knew his actions were unlawful. The plea agreement further stipulated that Miller had possessed and distributed between 500 and 2,000 grams of cocaine during his involvement in the conspiracy. In exchange for Miller's guilty plea, the remaining two counts in the indictment were dismissed. On March 1, 2006, Miller was released on bond, prior to sentencing. At the time of his release, Miller had spent approximately eight and one-half months in pretrial detention.

At sentencing, the district court determined that Miller's Guidelines range was 37 to 46 months based upon an adjusted offense level of 21 and a criminal history Category I. The court then varied downward to sentence Miller to three years' probation, with conditions, including that Miller be confined to home detention for the first 12 months.[2] The court fully explained its justifications for the sentence in a five-page Statement of Reasons filed with the sentencing judgment. In the Statement of

---

[2]In addition to the home detention and the typical probation conditions such as mandatory drug testing, the court also conditioned Miller's probation on him continuing to take and successfully complete college courses in pursuit of an associate's degree.

Reasons, the court noted that post-*Booker*[3] the Guidelines were no longer mandatory, but that the court was nonetheless required to take into account the applicable Guidelines range and the pertinent Sentencing Commission policy statements to impose a sentence sufficient, but not greater than necessary, to comply with the sentencing purposes set out in 18 U.S.C. § 3553(a). The court further noted that it must:

> consider[] the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

The district court based the sentence of three years' probation on the following factors: (1) the sentence was sufficient to carry out the court's purposes in sentencing as stated in § 3553(a); (2) the sentence would adequately punish and deter Miller from committing future crimes; (3) Miller had already spent almost nine months in custody before being released on bond; (4) Miller had immediately sought and obtained gainful employment upon his release, which demonstrated his commitment to future achievements; (5) Miller had shown great respect for the court's orders by obtaining tribal membership, as previously ordered by the court; (6) Miller had obtained his GED since his arrest; (7) since being released on bond, Miller had enrolled in college courses; (8) Miller displayed remorse for his crime and respect for the laws he violated; (9) Miller would present little risk to the general public because he would be supervised through home monitoring systems; (10) Miller had a difficult childhood; (11) Miller had accepted full responsibility for his actions; (12) Miller had one child at home and another on the way, and the court believed the public would benefit from keeping Miller at home with his children; and (13) Miller had the family support to assist him in remaining law-abiding and making appropriate decisions for himself and

---

[3]*United States v. Booker*, 543 U.S. 220 (2005).

his family. The court emphasized that it had taken all of these factors into consideration, placing particular significance on Miller's achievements since his arrest (GED, employment, college, tribal membership, etc.) and the fact that he had already served almost nine months for the offense, and determined that a sentence of three years' probation was reasonable.

The government appeals, arguing that the sentence is unreasonable because the district court failed to give significant weight to certain relevant factors, gave too much weight to other relevant factors, and gave significant weight to improper factors. We reverse.

## II. *Discussion*

Neither party contests the district court's calculation of the Guidelines range. The government appeals only the variance from the 37 to 46 months Guidelines range to the sentence imposed. "When there is no dispute about the applicable guideline range, the issue we examine on appeal is whether the sentence imposed is 'reasonable' in light of the factors articulated in 18 U.S.C. § 3553(a)." *United States v. Gonzalez-Alvarado*, 477 F.3d 648, 650 (8th Cir. 2007) (quoting *United States v. Bryant*, 446 F.3d 1317, 1319 (8th Cir. 2006)). A sentence within the Guidelines range is presumptively reasonable. *United States v. Claiborne*, 439 F.3d 479, 481 (8th Cir. 2006), *cert. granted*, ___ U.S. ____, 127 S. Ct. 551, 166 L.Ed.2d 406 (2006). Sentences outside of the Guidelines range are reasonable as long as the judge offers appropriate justifications under the factors in § 3553(a). *Gonzalez-Alvarado*, 477 F.3d at 650 (citing *Claiborne*, 439 F.3d at 481). However, such a sentence:

> may be unreasonable if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper factor or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case.

*United States v. Gall*, 446 F.3d 884, 889 (8th Cir. 2006).

In reviewing the sentence, we must determine: (1) "whether the district court's decision to grant a § 3553(a) variance from the appropriate guidelines range is reasonable" and (2) "whether the extent of any § 3553(a) variance . . . is reasonable." *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005). Here, the government only takes issue with the extent of the variance. As to that issue, "[t]he further the district court varies from the presumptively reasonable guideline range, the more compelling the justification based on the 3553(a) factors must be." *Bryant*, 446 F.3d at 1319. "An extraordinary reduction must be supported by extraordinary circumstances." *Id.* (citing *United States v. Dalton*, 404 F.3d 1029, 1033 (8th Cir. 2005)).

The district court sentenced Miller to three years' probation, with 12 months' in-home detention, but no imprisonment beyond time served. On its face, the probationary sentence imposed constituted a 100% downward variance from the Guidelines range. *See United States v. Ture*, 450 F.3d 352, 357 (8th Cir. 2006) (stating that a sentence of probation but no imprisonment "amounts to a 100% variance from the Guidelines range"). When Miller's eight and one-half months in pretrial detention is considered, the sentence would be a 77% variance from the low end of the Guidelines range. Whether viewed as 100% or 77%, the variance is atypical and is greater than the Eighth Circuit has generally deemed reasonable.

Although the district court recited the § 3553(a) factors and stated that it took those factors into consideration in formulating the sentence imposed, the court failed to give certain factors significant weight. The court failed to accord significant weight to the seriousness of Miller's offense and to the need to avoid unwarranted sentencing disparities. The sentence imposed also does not adequately promote respect for federal drug laws, provide just punishment, or ensure adequate deterrence to drug dealers. *See* U.S.C. § 3553(a)(2), (4), (6). Giving due weight to these factors, we conclude that a sentence of eight and one-half months imprisonment with three years of probation—much less a sentence with no term of imprisonment—is unreasonable in this case.

First, the court did not properly weigh the seriousness of Miller's offense. Before his arrest, Miller had been actively involved in the distribution of substantial quantities of powder and crack cocaine on the Red Lake Indian Reservation. Miller stipulated to voluntarily obtaining and distributing between 500 and 2,000 grams of cocaine. The sentence of eight and one-half months "time served" plus probation is inadequate for such a serious offense on the instant record. *See Gall*, 446 F.3d at 890 (finding sentence imposed inadequate considering seriousness of defendant's involvement in drug distribution conspiracy).

Second, the court failed to properly weigh whether the sentence would result in unwarranted sentencing disparities. *See Bryant*, 446 F.3d at 1319 ("The sentencing guidelines are indeed no longer mandatory, but they continue to be guideposts that must be respected, lest we see a return to the unwarranted sentencing disparities that resulted in the adoption of the guidelines themselves."). "Congress has made avoiding unwarranted disparity a legislative priority." *United States v. Lazenby*, 439 F.3d 928, 933 (8th Cir. 2006). The disparity between Miller's time-served-plus-probation sentence and the sentence of the typical defendant with a similar record who has been convicted of similar conduct does not reflect Congress's sentencing priority. *See id.*

Third, although the court stated that the sentence would "adequately punish and deter Miller from committing future crimes," the court failed to weigh the sentence's effect of deterring others. As "[g]eneral deterrence . . . is one of the key purposes of sentencing, . . . the district court abused its discretion when it failed to give that matter its proper weight." *United States v. Medearis*, 451 F.3d 918, 920–21 (8th Cir. 2006).

In determining the sentence imposed, the district court placed "particular significance" on Miller's achievements since his arrest. Such conduct is relevant in evaluating the § 3553(a) factors. *See Lazenby*, 439 F.3d at 932; *cf. United States v. Kapitzke*, 130 F.3d 820, 923–24 (8th Cir. 1997) (stating that atypical post-offense rehabilitation may support guidelines downward departure). However, a defendant's rehabilitation "cannot be allowed to trump all the other considerations listed in § 3553(a)." *Medearis*, 451 F.3d at 921. Miller's rehabilitation, taken together with the

other relevant factors, does not justify the extent of the variance granted. While Miller's "post-offense rehabilitation is dramatic and hopefully permanent," the sentence imposed for Miller's involvement in the distribution of between 500 and 2,000 grams of cocaine, "lies outside the limited range of choice dictated by the facts of the case." *Lazenby*, 439 F.3d at 933 (quoting *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005)); *Gall*, 446 F.3d at 890. Therefore we conclude the district court imposed an unreasonable sentence in this case.

### III. *Conclusion*

Accordingly, we vacate the judgment of the district court and remand for resentencing consistent with this opinion.

_____