**UNITED STATES of America, Plaintiff,**

v.

**Morris K. LIKENS, Defendant.**

No. 3:04–cr–00231.

United States District Court,
S.D. Iowa,
Davenport Division.

May 24, 2007.

Clifford R. Cronk, U.S. Attorney's Office, Davenport, IA, Matthew G. Whitaker,

U.S. Attorney's Office, Des Moines, IA, for Plaintiff.

## ORDER

PRATT, Chief Judge.

On May 11, 2005, the Defendant, Morris K. Likens pled guilty before Magistrate Judge Thomas J. Shields to being a felon and drug user in possession of a firearm and a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) and (3). I adopted the Report and Recommendation regarding the Defendant's guilty plea on May 31, 2005.

At sentencing on September 28, 2005, Likens faced a base offense level under the advisory sentencing guidelines of fourteen. Two additional points were added for obstruction of justice after I found that Likens had testified falsely at the suppression hearing. Likens received a three point deduction for acceptance of responsibility, resulting in a total offense level of thirteen. Based on three prior drug convictions, and one conviction for driving under the influence of alcohol, Likens received three criminal history points, thereby placing him in criminal history category two. This resulted in an advisory guideline range of fifteen to twenty-one months.

After determining the advisory guideline range, I turned to consideration of the factors in 18 U.S.C. § 3553(a), the factors to be considered in imposition of a sentence. In considering the statutory factors, I noted that no violence was involved in the offense, that Likens had been married for thirty-one years and had a supportive family, and that he was suffering from diabetes, heart disease, and obvious addictions to alcohol and drugs. I found that Likens did not pose a threat of violence to society or those near to him, and that his conduct was entirely linked to his

substance abuse and mental health problems.

I then sentenced Likens to a three year term of probation. I imposed conditions as part of his probation requiring him to participate in a program of treatment for substance abuse, undergo a mental health assessment and counseling as directed by the Probation Officer, and barring him from patronizing businesses where more than fifty percent of the revenue is derived from the sale of alcohol. In imposing the sentence, I stated my belief, based on the record before me, that the interests of protecting the public, providing just punishment for the offense, lowering the risk of recidivism and affording adequate deterrence to criminal conduct would all be met with the sentence of probation in this case.

The Government appealed, and the Eighth Circuit Court of Appeals vacated the sentence I imposed and remanded the case for resentencing. For the following reasons, I must recuse myself from imposing sentence on remand.

I believe that the sentence of probation I imposed in this case was sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). Yet, in its opinion reversing the sentence I imposed, the Court of Appeals stated: "What we said in an earlier case applies with equal force here: 'The goal of deterrence rings hollow if a prison sentence is not imposed in this case.'" *United States v. Likens,* 464 F.3d 823, 826 (8th Cir.2006) (quoting *United States v. Ture,* 450 F.3d 352, 358 (8th Cir.2006)). I understand this to be a mandate from the Court of Appeals that I *must* impose a prison sentence in this case regardless of whether or not I believe a sentence of imprisonment is sufficient but not greater than necessary under the statutory sentencing factors after consideration of the evidence and arguments presented once again at the resentencing hearing in this case.

I am further confronted with the fact that I have received a status report from the Middle District of Florida Probation Office that supervised Likens during his probationary term. The report indicates that Likens has successfully completed all aspects of his probation, maintained a stable lifestyle with his family, and still suffers from health problems. I recognize that I cannot consider any evidence of post-sentencing rehabilitation on resentencing, *see United States v. Sims,* 174 F.3d 911, 913 (8th Cir.1999), but I must admit that knowing that Likens has successfully complied with the probation sentence has reinforced my belief that the probation sentence I originally imposed was the correct sentence to punish and rehabilitate Likens under the circumstances of this case. I must candidly admit that such knowledge, combined with the mandate from the Court of Appeals, has caused me to develop a bias against the Government and its request for a sentence of imprisonment for Likens. I am unable to fathom the voracious appetite for a sentence of imprisonment in this case, and unwilling to impose one, but realize that failure to do so would likely result in the sentence being vacated once again by the Eighth Circuit Court of Appeals and assigned to a different judge for yet another resentencing. *See, e.g., United States v. Pepper,* 486 F.3d 408, 413 (8th Cir.2007); *United States v. Rogers,* 448 F.3d 1033, 1035 (8th Cir.2006) (per curiam). It is unjust and unfair for Likens to endure the possibility of undergoing the entire sentencing and appellate process yet again when such hardship can be avoided.

In addition, based upon the telephone calls that I have had this week with Mr. Cronk, Mr. Whitaker and Mr. Treimer, I believe there is an underlying suspicion

that I cannot be fair and impartial to both the Government and the Defendant. As a result, this is yet another reason why I feel I must recuse myself from the resentencing in this case.

The issue of Mr. Likens's medical problem, to me, is still before the Court. My purpose in e-mailing and calling the lawyers was for additional development of the record with respect to Likens's medical condition. The record shows that, at the first hearing, Likens's heart problem was in a different classification according to his treating physician than it is now. The restrictions that I've since learned have been placed on Likens are, according to information provided to Probation Officer Dietch by Likens's medical providers, life threatening. I believe that medical condition may be the exception to the rule that a judge on resentencing cannot take into account changes that have occurred between the original sentencing and the resentence.

In any event, my duty is to consider and weigh all the relevant factors under 18 U.S.C. § 3553(a), and in order to properly assess the weight of Likens's health problems, I made the parties aware that I believed further development of the record regarding the medical condition was necessary. Since *Likens* was decided by the Court of Appeals, the Eighth Circuit, in *United States v. Wadena*, noted: "There is no evidence in *Likens* . . . that those defendants had medical needs as burdensome as Wadena's." 470 F.3d 735, 738–39 (8th Cir.2006). *Wadena* holds that probation is still an option for sentencing courts. *Id.* at 739; *see also United States v. Haack*, 403 F.3d 997, 1003 (8th Cir.2005) (noting that a discretionary sentencing ruling may be unreasonable where the court fails to consider a relevant factor that should have received significant weight or gives significant weight to an improper or irrelevant factor).

I have a duty to explain the reasons for any sentence I impose, which means that there must be sufficient information in the record for me to fully understand the meaning and significance of the issues raised by the parties. *See United States v. Feemster*, 435 F.3d 881, 884 (8th Cir.2006) (stating that, "in the wake of *Booker*, a court maintains a duty to explain its reasons for the sentence imposed with some degree of specificity"). I did not and cannot seek out and introduce further evidence concerning Likens's medical condition out of my own volition, and therefore informed the parties of my concerns regarding the issue of Likens's heart classification that had been raised so they could be prepared to present whatever evidence they had obtained, if any, to help me fully understand its significance. My final assessment would, of course, be based only on what is presented to me by the parties in the record. If my communications with the parties present the implication that I thought any sort of specific action was should have been undertaken, or that I was somehow ordering them to do so, I do apologize to the lawyers for the miscommunication.

Again, the fact that any impression of bias or lack of impartiality was conveyed in this case further convinces me that my recusal is appropriate. "A judge 'shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.'" *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir.2002) (en banc) (quoting 28 U.S.C. § 455(a)). Based on what I have conveyed, I believe a reasonable person would question whether I can be impartial to the parties in this case and impose the mandated sentence of imprisonment. I also acknowledge that I have developed a bias against the Government in regard to the disposition of this case. In light of these facts, 28 U.S.C. § 455 requires that I

disqualify myself from resentencing in this case.

Accordingly, the Clerk of Court is hereby directed to randomly reassign this case to another judge of this district for resentencing.

IT IS SO ORDERED.