# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1959

_____

United States of America,                     *
                                              *
                    Appellee,                 *
                                              *    Appeal from the United States
        v.                                    *    District Court for the
                                              *    District of Minnesota.
Billy Felder,                                 *
                                              *    [UNPUBLISHED]
                    Appellant.                *

_____

Submitted:  May 31, 2007
Filed: June 5, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Billy Felder appeals the 30-month prison sentence imposed by the district court[1] upon Felder's guilty plea to charges of fraud and identity theft.  Felder argues that the district court erred in its consideration of the sentencing factors in 18 U.S.C. § 3553(a) by failing to give adequate weight to his family circumstances and to the mitigating characteristics of his offense, and by placing undue weight on the deterrent effect of a prison sentence.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

We conclude that the district court did not abuse its discretion in weighing the section 3553(a) factors, and that the sentence imposed was not unreasonable. See United States v. Haack, 403 F.3d 997, 1003 (8th Cir. 2005) (sentences are reviewed to determine whether district court abused its discretion by imposing an unreasonable sentence); United States v. Denton, 434 F.3d 1104, 1115-16 (8th Cir. 2006) (district court abuses its discretion if it overlooks significant factor, gives improper weight to any factor, or makes clear error in judgment). The court considered Felder's family circumstances in sentencing him at the bottom of the advisory Guidelines range, and his circumstances warranted no greater reduction. Cf. United States v. Bueno, 443 F.3d 1017, 1023-24 (8th Cir. 2006) (defendant not entitled to downward departure based on wife's lupus and arthritis where condition was not life-threatening and defendant's care was not necessary part of wife's treatment). The "mitigating characteristics" Felder refers to amount to his failure to recoup the proceeds of his fraudulent scheme from relatives, who apparently told Felder they had never received the fraudulently obtained money; we do not see how this provides a basis for a more lenient sentence. Finally, the district court appropriately weighed, along with other section 3553(a) factors, the need to deter Felder and others from committing fraud. See 18 U.S.C. § 3553(a)(2)(B) (one factor court must consider in sentencing is affording adequate deterrence to criminal conduct); cf. United States v. Miller, No. 06-2875, 2007 WL 1264071, at *3 (8th Cir. May 2, 2007) (reversing sentence as unreasonable because, inter alia, district court failed to weigh sentence's effect of deterring others; noting general deterrence is one key purpose of sentencing); United States v. Garnette, 474 F.3d 1057, 1060-61 (8th Cir. 2007) (finding district court did not abuse its discretion in varying upward from advisory Guidelines range, based in part on district court's reasoning that longer sentence would deter criminal conduct of others).

Accordingly, we affirm.

_____