# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3456

_____

United States of America,

        Appellee,

v.

Marvin F. Baker,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: June 21, 2007
Filed: June 26, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal of his 33-month prison sentence for possessing a firearm with an obliterated serial number, Marvin F. Baker (Baker) challenges his sentence as unreasonable under 18 U.S.C. § 3553(a) for failure to give appropriate weight to mitigating factors in his criminal history, such as his age, and for making a clear error in judgment when balancing the § 3553(a) factors.

Upon careful review of the record, we conclude the district court[1] did not abuse its discretion in sentencing Baker to 33 months' imprisonment. See United States v. Haack, 403 F.3d 997, 1003 (8th Cir.) (standard of review), cert. denied, 126 S. Ct. 276 (2005). We afford a presumption of reasonableness to the district court's sentence, which fell at the bottom of the advisory Sentencing Guidelines range. See Rita v. United States, No. 06-5754, 2007 WL 1772146, at *__ (U.S. June 21, 2007) (affirming the application of a presumption of reasonableness by a court of appeals to a district court's sentence that reflects a proper application of the Sentencing Guidelines); United States v. Likens, 464 F.3d 823, 825 (8th Cir. 2006) ("The guideline range, though advisory, is presumed to be reasonable." (citation omitted)). The district court appropriately weighed Baker's youth and relatively minor past crimes against other § 3553(a) factors, such as the need for a significant prison sentence to halt Baker's pattern of criminal conduct and the need for a sentence long enough to provide Baker with meaningful rehabilitation and training. See 18 U.S.C. § 3553(a)(1) (history and characteristics of defendant), (a)(2)(B) (afford adequate deterrence), and (a)(2)(D) (provide defendant with needed educational or vocational training, medical care, or other correctional treatment in most effective manner); United States v. Swehla, 442 F.3d 1143, 1145-47 (8th Cir. 2006) (upholding sentence and finding criminal history not overstated where the defendant committed many crimes from ages 15 to 18).

Therefore, we affirm.

_____

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.