# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2776

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | Minnesota. |
| Jorge Luis Rosario-Moctezuma, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 14, 2011
Filed: February 28, 2011

_____

Before RILEY, Chief Judge, WOLLMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Jorge Luis Rosario-Moctezuma pleaded guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2), and was sentenced to 40 months' imprisonment. His initial sentencing range calculated pursuant to the United States Sentencing Guidelines (U.S.S.G.) was 57 to 71 months, but the district court[1] granted his motion for downward departure under U.S.S.G. § 4A1.3(b) after finding his criminal history category was overstated. As a result, Rosario-Moctezuma's Guidelines range went down to 46 to 57 months, from which the district court varied

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

downward still further to impose a sentence of 40 months. In the present appeal, Rosario-Moctezuma maintains the district court's sentence "is just too lengthy." We affirm.

We review a sentence chosen by the district court under an abuse-of-discretion standard considering the substantive reasonableness of the sentence under the totality of the circumstances. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). A district court abuses its discretion if it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Holy Bull, 613 F.3d 871, 874 (8th Cir. 2010) (internal quotation marks omitted). When a district court varies from the advisory Guidelines range, we must "give 'due deference' to the district court's decision that 'the § 3553(a) factors, on a whole, justify the extent of the variance.'" United States v. Lehmann, 513 F.3d 805, 808 (8th Cir. 2008) (quoting Gall v. United States, 552 U.S. 38, 50 (2007)).

Sentences within the Guidelines range are presumed reasonable. United States v. Zastrow, 534 F.3d 854, 856 (8th Cir. 2008). Where, as here, the district court sentences a defendant below the Guidelines range, "it is nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009). Our review of the sentencing transcript confirms the district court properly considered the 18 U.S.C. § 3553(a) factors, focusing on Rosario-Moctezuma's "history and characteristics," as well as his "family circumstances" that compelled him to reenter the country illegally. The district court was sympathetic to the defendant's situation. In addition to granting Rosario-Moctezuma's motion for downward departure, the court varied from the Guidelines sentence downward, in part, because Rosario-Moctezuma was "returning really to be with family, as opposed to returning to commit crimes." We find no error in the district court's sound analysis and ultimate sentence. United States v. Canania, 532

F.3d 764, 773-74 (8th Cir. 2008) (finding no error where the district court varied downward to impose the below-the-Guidelines sentence and otherwise considered § 3553(a) factors).

Rosario-Moctezuma contends the district court abused its discretion by not varying downward still further based on the absence of a fast-track program in the district where he was sentenced. This argument is squarely foreclosed by our decision in United States v. Gonzalez-Alvarado, 477 F.3d. 648, 651 (8th Cir. 2007), abrogated on other grounds by Gall v. United States, 552 U.S. 38 (2007), where we concluded "variances based on the absence of fast-track programs are impermissible." Rosario-Moctezuma's "respectful[] disagree[ment]" with our holding, unsupported by any meaningful argument for its modification or reversal, nudges his argument dangerously close to the line of frivolousness, yet does nothing to undermine the binding nature of the precedent. In the absence of any other evidence suggesting an abuse of discretion, we affirm the district court's judgment.

_____